Steve DEMARAC, Plaintiff,

v.

AMERICAN DREDGING COMPANY, Defendant.

No. 79 Civ. 6830.

United States District Court, S. D. New York.

April 2, 1980.

Kenneth Heller, New York City, for plaintiff; Donald S. Sherwood, New York City, of counsel.

Michael D. Martocci, New York City, for defendant.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

■ Plaintiff commenced this action in New York state court, asserting causes of action for negligence under the Jones Act, 46 U.S.C., section 688, and for unseaworthiness. Defendant removed the action to this Court on diversity and admiralty grounds. Plaintiff now moves to remand the case pursuant to 28 U.S.C., section 1447(c) on the ground that a Jones Act suit is not removable under 28 U.S.C., section 1445(a). The defendant does not dispute that a proper Jones Act action is not removable. *See Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir. 1952). It contends, however, that plaintiff's allegations in his complaint that he is a "seaman" entitled to bring a Jones Act suit lack a factual basis.

Plaintiff's deposition addressed to this issue was taken at the direction of the Court. That deposition reveals that the plaintiff was employed by the defendant for about seven years as a scowman, and aboard its scow 141 (the alleged scene of the accident) for a month prior to the accident; that he worked three days "on" and three days "off" and that when he was "on," he was the sole employee aboard the scow; that the scow contained a bunk and a stove; and that the plaintiff supplied his own food aboard the scow which he stored in an ice chest. Plaintiff's duties required him to be aboard the scow while it was loading; upon completion of loading, to handle transfer of the scow from the dredge to a tugboat; to remain on board while it was towed some ten miles to sea; to control the dumping of the scow's load; to handle the lines at sea and again in the transfer back to the dredge upon return to harbor. Plaintiff also performed necessary maintenance on the scow—checking fuel and oil, greasing the equipment, and maintaining and operating the scow's running lights.

■ The test for a "seaman" under the Jones Act is tripartite: (1) the vessel must be in navigation; (2) there must be a more or less permanent connection with the ship; and (3) the worker must be aboard naturally and primarily as an aid to navigation. *See Salgado v. M. J. Rudolph Corp.*, 514 F.2d 750, 754 (2d Cir. 1975). The defendant concedes that a scow is a vessel in navigation. It argues, however, that plaintiff's duties in connection with the operation and maintenance of the scow are not connected with the actual navigation of the vessel and do not require the skills of a traditional seaman, and that plaintiff's connection with the vessel was not permanent because he supplied his own food and worked only a three-day shift.

■ A worker aboard a vessel need not perform the traditional duties of a ship's crew to be a Jones Act "seaman." "The remedies afforded by the Jones Act . . . are designed to protect those who perform services upon ships and are exposed to the unique hazards of work upon the sea. . . . The courts have long given seaman status to those performing tasks not necessary to the actual navigation of the ship." *Mahramas v. American Export Isbrandtsen Lines, Inc.*, 475 F.2d 165, 170 (2d Cir. 1973) (holding a ship's hairdresser was a "seaman"). *See also Brown v. ITT Rayonier, Inc.*, 497 F.2d 234, 237 (5th Cir. 1974); *Slatton v. Martin K. Eby Const. Co.*, 506 F.2d 505, 510 (8th Cir. 1974), *cert. denied*, 421 U.S. 931, 95 S.Ct. 1657, 44 L.Ed.2d 88 (1975). Where plaintiff was the sole operator of the scow and the totality of functions required to be performed aboard the vessel were of necessity in his charge; where plaintiff lived on the vessel during his work periods and had been assigned to that particular vessel for a month and to similar scows for seven years, it is apparent that his presence aboard the vessel was neither transient nor fortuitous and his tasks were central, not peripheral to the vessel's operation and mission. *See Ferguson v. Erie RR Co.*, 235 F.Supp. 72, 74–5 (S.D.N.Y.1964) ("barge captain" who was the only employee on the barge was a seaman); *Spearing v. Manhattan Oil Transp. Corp.*, 375 F.Supp. 764, 769 (S.D.N.Y.1974).

Accordingly, the plaintiff's motion to remand this action to the state court is granted.

So ordered.