Symeon SYMOENIDES, Curator of Frangiskos Hajigorgiou

v.

COSMAR COMPANIA NAVIERA, S. A., Celestial Maritime Corporation and the United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited.

Civ. A. No. 80–292–A.

United States District Court, M. D. Louisiana.

July 18, 1980.

---

Paul H. Dué, Dué, Dodson, deGravelles & Robinson, Baton Rouge, La., for plaintiff.

Gustave A. Manthey, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants.

## MEMORANDUM OPINION ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the Court on a motion to remand to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. No oral argument is required.

Suit was originally filed in the Nineteenth Judicial District Court, Parish of East Baton Rouge, alleging a claim for damages under the Jones Act, 46 U.S.C. § 688, and for unseaworthiness under general maritime law. The defendant, The United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited (United Kingdom), insurer of the other defendants, was made a party defendant under the provisions of Louisiana's Direct Action Statute, LSA–R.S. 22:655.

The defendants removed to this Court, claiming diversity of citizenship and now the suit is before the Court on a motion to remand.

As a general proposition, suits brought in state court under the Jones Act are not removable. This result has been reached by applying the rules applicable to the Federal Employees' Liability Act, 45 U.S.C. § 51 et seq., to Jones Act cases. *Pate v. Standard Dredging Corp.*, 193 F.2d 498 (5th Cir. 1952). Even where diversity of citizenship is present, a Jones Act action is not removable. *Fiesel v. Delta Steamship Lines, Inc.*, 1979 A.M.C. 777 (D.Md. 1979); cf. *Kansas City Southern Railway Co. v. Leslie*, 238 U.S. 599, 35 S.Ct. 844, 59 L.Ed. 1478 (1915), and *Great Northern Railway Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918), interpreting FELA cases.

Defendants, however, claim that Jones Act cases are removable under 28 U.S.C. § 1441(c) if an otherwise removable "separate and independent" claim is also alleged in the complaint. There is authority for this argument. See *Pate, supra*; 1A Moore's Federal Practice, ¶ 0.167[3.–2], p. 378. As a "separate and independent" claim here, the defendants point to plaintiff's direct action against the insurance carrier.

The proposition that plaintiff's action against the insurance company is a separate and independent claim within the intent of 28 U.S.C. § 1441(c) simply will not wash. One of the purposes of the amendment to Section 1441(c) was to restrict removal, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), and the congressional intent must be given effect:

> "The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state court before allowing removal." (*American Fire & Casualty Co. v. Finn*, 341 U.S. 6, at 12, 71 S.Ct. 534, at 539, 95 L.Ed. 702, at 707)

■ The purpose of the direct action statute is to void "no action" clauses and allow injured parties to recover against insurers without first obtaining judgment against the insured tortfeasor. *Hidalgo v. Dupuy*, 122 So.2d 639 (La.App. 1st Cir. 1960). It is a statement of public policy that liability insurance is issued primarily for the protection of the public and not the insured. *Davies v. Consolidated Underwriters*, 199 La. 459, 6 So.2d 351 (1942).

■ With or without the direct action statute, the insurer is solidarily liable with its insured, *Hidalgo, supra,* and there can be no recovery against the insurer unless there is liability on the part of the insured. *Degelos v. Fidelity and Casualty Company of New York*, 313 F.2d 809 (5th Cir. 1963); *Musmeci v. American Automobile Insurance Co.*, 146 So.2d 496 (La.App. 4th Cir. 1962). When the insurer is sued alone, it stands in the shoes of the tortfeasor for many purposes, *Shaw v. New York Fire & Marine Underwriters, Inc.*, 252 La. 653, 212 So.2d 416 (1968), although it cannot assert personal defenses of the insured. Obviously, there can be only one recovery and Louisiana courts have held that the release of the insured without reservation of right to claim damages against the insurer releases the insurer from liability. *Written v. Travelers Indemnity Co.*, 304 So.2d 715 (La.App. 3rd Cir. 1974).

■ It cannot seriously be disputed that there is but a single wrong here and under *Finn, supra,* "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." (71 S.Ct. at 540) A suit against the insurer is not an independent action even though the insured need not be joined and vice versa.

The case relied upon by defendants, *Lumbermen's Mutual Casualty Co. v. Elbert*, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1954), is not a removal case but instead dealt with diversity jurisdiction where the insured had the same domicile as the injured party but was not joined with the insurer in a direct action suit. The treatment by the Louisiana courts of the direct action statute, although important, is not controlling, for this is a federal statute and federal law controls its interpretation. *Paxton v. Weaver*, 553 F.2d 936 (5th Cir. 1977).

"While state substantive law determines, as to non-federal matters, the nature of rights and liabilities asserted, construction of the removal statute and the test supplied by subsection (c) involves federal matter. And, although subsection (c) should be fairly applied, the federal courts should construe and apply it in such a manner as will carry out the intent to restrict removal." (1A Moore's Federal Practice, ¶ 0.163[4.–2], pp. 257–258)

The definition of a separate cause of action under Louisiana law and for purposes of original diversity jurisdiction may not be the same when dealing with separate and independent claims under Section 1441(c). The 1441(c) test is much more stringent, requiring a higher degree of disassociation.

Plaintiff's motion to remand is hereby GRANTED, together with costs. Plaintiff shall prepare and submit a formal judgment in accordance with this opinion.