Philip STOKES

v.

VICTORY CARRIERS, INC. and OSG
Bulk Ships, Inc.

Civ. A. No. 83–4478.

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1983.

---

3. See 28 C.F.R. 549.62–.64, which outline the medical procedures for dealing with prisoners on hunger strikes.

Martin Greitzer, Greitzer & Locks, Philadelphia, Pa., for Victory.

Dante Mattioni, Mattioni, Mattioni & Mattioni, Ltd., Philadelphia, Pa., for OSG Bulk Ships.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action the plaintiff claims injuries and damages allegedly incurred while in the employ of defendants Victory Carriers, Inc. (Victory) and the predecessor to OSG Bulk Ships, Inc. (OSG). The plaintiff's complaint was filed on August 18, 1983 in the Court of Common Pleas of Philadelphia County. In his complaint the plaintiff alleges that he is proceeding pursuant to the Jones Act, 46 U.S.C. § 688, and "the General Admiralty and Maritime Law of the United States." He alleges that he suffered injuries as a result of the defendants' negligence, the unseaworthiness of defendants' vessels, and the defendants' violations of the general admiralty and maritime laws of the United States. He also alleges gross negligence, willful misconduct, fraudulent concealment, willful omissions, and misrepresentations on the part of the defendants. The plaintiff further claims maintenance and cure.

On September 14, 1983, the defendant OSG removed this action to this Court. In its removal petition OSG alleged that federal jurisdiction exists pursuant to 28 U.S.C. § 1333 on the basis of plaintiff's claim of unseaworthiness and his claim for maintenance and cure. OSG also alleged that federal jurisdiction exists pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship between the parties. The plaintiff has filed a motion to remand this action to the Court of Common Pleas in accordance with 28 U.S.C. § 1447(c) alleging that the case was improvidently removed because the defendant Victory filed to join in the petition for removal within thirty days following receipt of plaintiff's complaint, as required by 28 U.S.C. § 1446(b). For the reasons that follow, the Court will grant the plaintiff's motion and remand this action to the Court of Common Pleas.

Subsection (b) of 28 U.S.C. § 1446 states as follows:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The defendant Victory was served with a copy of the complaint and notice to defend on August 26, 1983. Victory filed a concurrence to OSG's petition for removal on September 29, 1983. 28 U.S.C. § 1446(b) has consistently been interpreted to require all served defendants to join in the removal petition within thirty days of their receipt of the initial pleading. *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F.Supp. 528, 529 (E.D.Pa.1982) (collecting cases); *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D.Pa.1977); *Sun Oil Co. of Pennsylvania v. Department of Labor and Industry*, 365 F.Supp. 1403 (E.D.Pa. 1973). Victory concedes that it did not join in OSG's removal petition within the thirty day period, but argues that there was "good cause" for the delay.

Specifically, Victory and OSG argue that the thirty day limitation period begins to run only after a defendant has received adequate notice that the case is properly removable. They rely upon the second

paragraph of 28 U.S.C. § 1446(b), which states:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

The defendants argue that since the complaint did not allege the citizenship of OSG, the earliest date on which the removability of the action could have become "unambiguously plain" to Victory was on September 14, 1983, when OSG's petition for removal was filed. The defendants' position is that since the parties' diversity of citizenship was not apparent from the complaint, the petition for removal constitutes "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, according to the defendants, Victory's thirty day time limit did not begin to run until September 14, 1983, and the filing of Victory's concurrence on September 26, 1983, was not untimely.

■ The great majority of the courts that have considered the matter have concluded that a failure of the plaintiff to allege a party's citizenship in the initial pleading does not prevent the thirty day removal period from commencing. *Blow, et al. v. Liberty Travel,* 550 F.Supp. 375, 377 (E.D.Pa.1982); *DiMeglio v. Italia Crociere Internazionale,* 502 F.Supp. 316, 319 (S.D.N.Y.1980); *Kaneshiro v. North American Company for Life and Health Insurance,* 496 F.Supp. 452, 462 (D.Hawaii 1980); *Nicholas v. Macneille,* 492 F.Supp. 1046, 1047 (D.S.C., C.D.1980); *Lee v. Volkswagon of America, Inc.,* 429 F.Supp. 5, 7 (W.D.Okl.1976). This line of authority can be traced to the decision in *Wong v. General Motors Corp., et al.,* 359 F.Supp. 223, 224–25 (N.D.Cal.1973), where the court held that the plaintiff's failure to allege the citizenship of one of the defendants in the state court complaint did not establish the appearance of "non-removability" on the face of the complaint for the purposes of 28 U.S.C. § 1446(b). Several courts have noted that as a matter of general practice, state court plaintiffs do not routinely allege the citizenship of the parties in their complaints, and that where the initial pleading is "indeterminate" as to the parties' citizenship, "the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion." *Kaneshiro v. North American Company for Life and Health Insurance,* 496 F.Supp. at 455–56, 462.

■ Furthermore, there is an additional reason for remanding this case to the state court. Suits brought pursuant to the Jones Act in a state court are not removable to the federal court. *Pate v. Standard Dredging Corp.,* 193 F.2d 498, 500 (5th Cir.1952); *Symoenides v. Cosmar Compania Naviera, S.A.,* 494 F.Supp. 240, 241 (M.D.La.1980); *Demarac v. American Dredging Co.,* 486 F.Supp. 853, 854 (S.D.N.Y.1980); *Giacona v. Capricorn Shipping Co.,* 394 F.Supp. 1189, 1191 n. 5 (S.D.Tex., H.D.1975); *U.S. Industries v. Gregg,* 348 F.Supp. 1004, 1113 n. 8 (D.Del.1972). The Jones Act incorporates the general provisions of the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. § 51 *et seq.,* which act prohibits removal of cases brought in the state court. *See Pate v. Standard Dredging Corp.,* 193 F.2d at 500; *Symoenides v. Cosmar Compania Naviera, S.A.,* 494 F.Supp. at 241. *See also* 1–A J. Moore, B. Ringle and J. Wicker, *Moore's Federal Practice* ¶ 0.167[3.–2] pp. 466–68 (2d Edition 1983). This is so even where diversity of citizenship is present. *Demarac v. American Dredging Co.,* 486 F.Supp. at 854; *see Symoenides v. Cosmar Compania Naviera, S.A.,* 494 F.Supp. at 241 (collecting cases). Although there is some basis for contending that Jones Act cases should be removable under 28 U.S.C. § 1441(c) if the state court complaint contains a "separate and independent claim" for maintenance and cure, the decisions do not appear to support this contention. As stated by G. Gilmore and C. Black in *The Law of Admiralty,* § 6–28, pp. 357–58 (2nd

Edition 1975), "the cases to date have assumed that a Jones Act count makes the entire case irremovable, whether or not joined with unseaworthiness and maintenance and cure counts." Thus this case was not removable and must be remanded. However, assuming for the purpose of argument that the maintenance and cure claim in the state court complaint rendered the entire case removable under 28 U.S.C. § 1441(c), it is clear that Victory's joinder in the removal petition was untimely in that it was not done within the required thirty day period. Victory had notice of the maintenance and cure claim on the date it received the complaint, and it did not file a petition for removal or join in OSG's petition within the thirty days required by 28 U.S.C. § 1446(b). Removal statutes are to be construed strictly against removal and in favor of remand. *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. at 702 n. 3, citing *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Thus, for all of the reasons set forth above, this Court will enter an order remanding this case to the state court.