Francis A. McMANUS, Administrator of the Estate of John R. McManus

v.

GLASSMAN'S WYNNEFIELD, INC., et al.

Civ. A. No. 89–0447.

United States District Court, E.D. Pennsylvania.

April 28, 1989.

On Motion to Reconsider June 12, 1989.

G. Michael Green, James H. Lutz, Donahue & McKee, Havertown, Pa., for plaintiffs.

Jay Barry Harris, Fineman & Bach, P.C., Philadelphia, Pa., for Penn Cent. Corp.

Walter J. Timby, III, Philadelphia, Pa., for Philadelphia Realty Associates.

Brian J. Kandell, Philadelphia, Pa., for Southeastern Pennsylvania Transp. Authority.

Paul F.X. Gallagher, Gallagher Wheeler Reilly & Lachat, Philadelphia, Pa., for National R.R. Passenger Corp.

Kenneth M. Dubrow, Goldstein Friedberg Kelly & DiVito, P.C., Philadelphia, Pa., for Glassman's Wynnefield, Inc., Jae Sook Lee, Sang H. Lee, City Line Stop 'N' Go, The Nasherei Delicatessen, and Nasherai.

**1044**

Scott K. Wasserkrug, Philadelphia, Pa., for Consolidated Rail Corp.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

### I.

On December, 19, 1988, plaintiff commenced this wrongful death and survival action in the Court of Common Pleas of Philadelphia County, Pennsylvania. The complaint alleges that the defendants, Glassman's Wynnefield, Inc., d/b/a/ City Line Stop 'N' Go, Jae Lee (an officer and shareholder of Glassman's Wynnefield), Philadelphia Realty Associates, National Railroad Passenger Corporation (operating under the name "Amtrak"), Consolidated Rail Corporation, Penn Central Corporation, and Southeastern Pennsylvania Transportation Authority, are jointly and severally liable to plaintiff for the death of his son, John R. McManus. Decedent allegedly "fell and/or jumped off from a certain railroad signal tower" in 1987 after consuming alcoholic beverages that he had purchased at the City Line Stop 'N' Go. Plaintiff's Complaint, at ¶¶ 5, 14.

On January 20, 1989, defendant National Railroad Passenger Corporation (hereinafter "Amtrak") filed a petition for removal to this court pursuant to 28 U.S.C. §§ 1441(a) and 1441(c). The petition represents that Amtrak is a corporation created by an Act of Congress that is more than one-half owned by the federal government. Removal Petition, at ¶¶ 4–5. Plaintiff subsequently moved to remand the case on the ground that Amtrak's codefendants did not join in the removal petition.

In its response to plaintiff's motion, Amtrak contends that § 1441(a) does not require unanimity of defendants to remove an action where the defendant seeking removal is a federally-chartered and federally-owned corporation.[1] Amtrak argues in the alternative that its codefendants have since joined in its removal petition, as reflected by the stipulation attached to its response.[2]

### II.

Courts have long held that federal district courts have original jurisdiction over suits in which one of the parties is a federally chartered corporation. *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824); *Pacific Railroad Removal Cases*, 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885). Such suits are viewed as arising under federal law even if the federally-chartered corporation is joined with state corporate or individual defendants in an action that is otherwise non-federal in character. *See, e.g., Matter of Dunn*, 212 U.S. 374, 384, 29 S.Ct. 299, 301, 53 L.Ed. 558 (1908) (in a negligence action against a federal corporation and private individuals, "[t]he Federal character permeates the whole case, including the individual defendants as well as the corporation"). Jurisdiction based on the presence of a federally-chartered corporation is subject to the requirement that the United States own more than one-half of the corporation's capital stock. 28 U.S.C. § 1349.

Since Amtrak is a federally-chartered and federally-owned corporation, this suit arises under federal law within the meaning of 28 U.S.C. § 1331, and thus is one over which federal district courts have original jurisdiction. Removal of this action is governed by 1441(a), which states that, except as otherwise expressly provided by Congress,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The question presented in this remand motion is whether the language in § 1441(a) permitting "defendant or the defendants" to remove certain actions to federal district court permits Amtrak to remove this suit without obtaining, within the thirty-day period set forth in 28 U.S.C. § 1446(b),[3] the consent of its codefendants.

---

**1.** By conceding, for the purposes of this motion, that plaintiff's complaint alleges "an interlocked series of transactions," Amtrak apparently withdraws as a basis for its removal petition the reference to 28 U.S.C. § 1441(c). Amtrak response, at ¶ 2; *see also* ¶ 4 (stating that § 1441(a) provides the basis for the petition). Section 1441(c) permits, in certain circumstances, the removal of separate and independent claims.

**2.** Amtrak filed the response to which the stipulation is attached on February 15, 1989—more than thirty days after Amtrak received service of plaintiff's initial state-court pleading.

**3.** Section 1446(b) provides, in part:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

As a general matter, courts have construed § 1441(a) as requiring, in cases involving multiple defendants, that all defendants join in the petition for removal. *Hess v. Great Atlantic & Pacific Tea Company,* 520 F.Supp. 373, 375 (N.D.Ill.1981); 1A Moore's Federal Practice ¶ 0.168 at pp. 548–49 (2d ed.1987). Although the issue seems to arise more frequently in the context of diversity cases, the requirement that defendants unanimously join in a removal petition extends as well to federal question cases. *Hess,* 520 F.Supp., at 375.[4] The unanimity requirement advances, among other things, the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand. *See Shamrock Oil & Gas Corporation v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) ("Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation.").

Thus, in federal question suits involving multiple defendants, courts ordinarily require all defendants to join in a petition to remove.[5] This strict construction of § 1441(a)'s language serves the congressional purpose underlying the statute and strikes an appropriate balance between defendants' collective right to a federal forum and the right of objecting defendants and plaintiff to remain in plaintiff's chosen forum.

■ If Amtrak is to prevail on this motion, it must argue that the presence of a federally-chartered corporation in this action somehow alters this balance. Such a position, however, is foreclosed. As early as 1900, the Supreme Court refused to permit a federal corporation to remove an action to federal court where its codefendant, a state corporation, did not join in the removal petition. *Chicago, Rock Island & Pacific Railway Company v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900) (construing "defendant or defendants" in the Judiciary Act of 1887–1888, a predecessor statute to § 1441, as prohibiting removal "unless all the parties on the same side of the controversy unite[ ] in the petition"); *see also Matter of Dunn,* 212 U.S. 374, 387, 29 S.Ct. 299, 303 (denying remand petition because, unlike *Martin,* "all of the defendants [ ] joined" in the application of their codefendant, a federally-chartered corporation). Thus, removal of this action requires that all defendants properly join in Amtrak's petition.

■ The remaining question is whether Amtrak's submission of a stipulation reflecting its codefendants' acquiescence in the removal petition satisfies the timeliness requirement of § 1446(b). Amtrak does not dispute that the stipulation was filed more than thirty days following defendants' receipt of plaintiff's initial pleading. Although § 1446(b)'s thirty-day requirement is not jurisdictional, "the time limitation is mandatory and must be strictly construed." *Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447 (N.D.Ill.1987). If all defendants do not join the removal petition within the thirty-day period, remand is the proper course. *Id.; Stokes v. Victory Carriers,* 577 F.Supp. 9, 10 (E.D.Pa.1983) ("28 U.S.C. § 1446(b) has consistently been interpreted to require all served defendants to join in the removal petition within thirty days of their receipt of the initial pleading."). Amtrak offers no basis for departing from the presumption that § 1446(b)'s thirty-day filing period shall be enforced.

pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

4. *Hess* identifies three concerns which favor application of the rule to federal question cases: such application eliminates the risk of inconsistent state and federal adjudications; prevents one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff; and advances, as a matter of comity, the legislative and judicial policy that state courts are as competent as federal courts to hear federal questions that Congress has not committed to exclusively federal jurisdiction. 520 F.Supp. at 375 (citing *Chicago, Rock Island & Pacific Railway Company v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Van Slambrouck v. Employers Mutual Liability Insurance Company,* 354 F.Supp. 366, 368 (E.D. Mich.1973); *Dowd Box Company v. Courtney,* 368 U.S. 502, 507–08, 82 S.Ct. 519, 522–23, 7 L.Ed.2d 483 (1962); *Testa v. Katt,* 330 U.S. 386, 390–91, 67 S.Ct. 810, 812–13, 91 L.Ed. 967 (1947)).

5. There are exceptions to this requirement, not applicable to this case, where a non-joining defendant is an unknown or nominal party or where a defendant is fraudulently joined. *Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447 n. 4 (N.D.Ill.1987).

Accordingly, plaintiff's Motion to Remand will be granted in an accompanying Order.

## ORDER

For the reasons stated in the accompanying Memorandum, plaintiff's Motion to Remand is GRANTED, and this action is hereby REMANDED to the Court of Common Pleas of Philadelphia County.

### On Motion To Reconsider

Defendant Amtrak seeks reconsideration of this court's April 28, 1989 Order remanding this action to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c). Such Order, however, cannot be reconsidered "once [it] has been entered and a certified copy of the order has been mailed to the clerk of the state court." *Cook v. J.C. Penney Company,* 558 F.Supp. 78, 79 (N.D.Ia.1983) (citing *Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979); *In re La Providencia Development Corp.,* 406 F.2d 251, 252 (1st Cir.1969); *Bucy v. Nevada Construction Co.,* 125 F.2d 213, 217 (9th Cir.1942); *Rosenburg v. GWV Travel, Inc.,* 480 F.Supp. 95, 97 (S.D.N.Y. 1979); *Yarbrough v. Blake,* 212 F.Supp. 133, 147 (W.D.Ark.1962)). This position is mandated by 28 U.S.C. § 1447(d),[1] which "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Seedman v. United States District Court for the Central District of California,* 837 F.2d 413, 414 (9th Cir.1988) (granting writ of mandamus after district court reconsidered its order of remand).[2]

---

**1.** Section 1447(d) provides that "[a]n order remanding a case to the State court from which was removed is not reviewable on appeal or otherwise [except if removal was based on 28 U.S.C. § 1443]."

**2.** If I were to regard Amtrak's motion as properly before me, I would reaffirm my view that all defendants must join in the petition for removal within the prescribed time, even, as in this case, when federal jurisdiction is conferred by the presence of a federally-chartered corporation. *See McManus v. Glassman's Wynnefield,* 710 F.Supp. 10438906941389079694.