**Calvin OGLETREE, III, Plaintiff,**

v.

**Amos BARNES, D.M.D.,
et al., Defendants.**

**Civ. A. No. 94–1278.**

United States District Court,
E.D. Pennsylvania.

April 29, 1994.

Joseph F. Bouvier, Mattioni, Mattioni & Mattioni, Ltd., Philadelphia, PA, for plaintiff Calvin Ogletree, III.

Gary V. Gittleman, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, PA, for defendant Amos Barnes, D.M.D.

Kathleen Chancler, Jonathan B. Sprague, Post & Schell, PC., Philadelphia, PA, for defendant Audrey Wright.

Lek Domni, Asst. City Sol., Philadelphia, PA, for defendants City of Philadelphia, Richard Neal, Police Com'r, Charles Lorenz, Lieutenant, Edward Sasse, Sergeant, City of Philadelphia Police Dept., Mitchell Yanak, Captain, Bruce Mays, Lieutenant, City of Philadelphia—16th Police Dist.

John O.J. Shellenberger, III, Office of Atty. Gen., Philadelphia, PA, for defendants PA Bd. of Probation and Parole, and Anthony DiBernardo, Eugene Harnak and Steven Mittan, Parole Supervisors, PA Bd. of Probation & Parole.

## MEMORANDUM AND ORDER

YOHN, District Judge.

Pending before the court is plaintiff's motion to remand this action to the Philadelphia County Court of Common Pleas. For the reasons discussed herein, his motion will be granted.

## BACKGROUND

On January 14, 1994, plaintiff Calvin Ogletree, III, formerly employed by the City of Philadelphia as a police officer, instituted this action in the Philadelphia County Court of Common Pleas against twelve defendants: Amos Barnes, plaintiff's dentist; Audrey Wright, Barnes' assistant; the City of Philadelphia and five individual members of the Philadelphia Police Department—Police Commissioner Richard Neal, Captain Mitchell Yanak, Lieutenants Charles Lorenz and Bruce Mays, and Sergeant Edward Sasse (hereinafter collectively referred to as "the City defendants"); the Pennsylvania Board of Probation and Parole ("the Pa. Board"); and three individual members of the Pa. Board—Anthony DiBernardo, Eugene Harnak, and Steven Mittan (collectively "the individual Pa. Board defendants"). The complaint, which asserts a rather sweeping array of claims running the gamut from medical malpractice to civil rights violations pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, defies easy synopsis. Nevertheless, its central premise might perhaps be best described as follows: Barnes (and by extension Wright), motivated by a desire to cover-up his alleged malpractice, and the other defendants, motivated by their purported racial animus against Ogletree, conspired, through an interlocking chain of events, to cause Ogletree's termination as a police officer with the

City of Philadelphia and in the process violated a myriad of state and federal laws.

Defendants Barnes and Wright were served on January 24, 1994, the City defendants were served on January 26, 1994, the Pa. Board was served on January 31, 1994, and the individual Pa. Board defendants were allegedly served sometime thereafter.[1] On February 23, 1994, the City defendants filed a timely notice of removal alleging that removal was warranted pursuant to 28 U.S.C. § 1441(b) because the action "concerns and affects claims and rights arising under the Constitution and laws of the United States." (Notice of Removal ¶ 4.) The notice also stated that "[a]ll defendants to this action consent to its removal to Federal District Court." (*Id.* ¶ 7.)

On March 24, 1994 Ogletree filed a timely motion to remand this action to state court on the grounds that (1) the removal procedure was defective because not all of the defendants signed the notice of removal and (2) state law claims predominate over federal claims. Also presently pending before the court are motions to dismiss filed by Barnes, Wright, and the Pa. Board and a motion to quash service or, alternatively, to dismiss filed by the individual Pa. Board defendants. For the reasons discussed below, the court will remand the action on the ground that the removal procedure was defective and therefore does not reach the issue of whether remand is warranted because state law claims predominate. Moreover, because remand terminates this court's jurisdiction over the action, the court will not address the merits of any of the defendants' various motions.

1. The individual Pa. Board defendants deny that they were ever properly served and have moved this court to quash service.

2. In full, the relevant provisions of 28 U.S.C. § 1446 state:
 (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for

## LEGAL STANDARDS

Under 28 U.S.C. § 1446(a), a defendant or defendants desiring to remove any civil action from a state court to a federal district court shall file a notice of removal in the district court signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. The notice of removal must be filed within thirty days after the removing defendant receives the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).[2] While a motion to remand an action based on a defect in removal procedure must be made within thirty days after the filing of the notice of removal under § 1446(a), if at any time before final judgment it appears that the district court lacks subject matter jurisdiction the action must be remanded. 28 U.S.C. § 1447(c); *see also Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1215 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) (citations omitted), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991).

■ While the removal statute does not explicitly so state, it is well-established that in cases involving multiple defendants all defendants must join in the notice of removal. *See Gableman v. Peoria, D. & E. Ry. Co.*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900); *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Under this "rule of unanimity," all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b) in order to perfect remov-

removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
 (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

al.[3] *See Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1262–63 (5th Cir.1988); *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985); *Collins v. American Red Cross,* 724 F.Supp. 353, 359 (E.D.Pa. 1989); *McManus v. Glassman's Wynnefield, Inc.,* 710 F.Supp. 1043, 1045 (E.D.Pa.1989); *Stokes v. Victory Carriers,* 577 F.Supp. 9, 10 (E.D.Pa.1983); *Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528, 529 (E.D.Pa. 1982); *Crompton v. Park Ward Motors, Inc.,* 477 F.Supp. 699, 701 (E.D.Pa.1979).

■ This unanimity requirement advances "the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand." *See McManus, supra,* 710 F.Supp. at 1045 (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941)). It does, however, have some exceptions, two of which are potentially relevant here: First, merely nominal parties may be disregarded for removal purposes and need not join in the notice of removal or otherwise consent to the removal. *See Thompson v. Louisville Ladder Corp.,* 835 F.Supp. 336, 337 n. 3 (E.D.Tex.1993); *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 n. 4 (E.D.Va.1992); *Knowles v. American Tempering Inc.,* 629 F.Supp. 832, 835 (E.D.Pa.1985). And second, defendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 540–41, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939); *Thompson, supra,* 835 F.Supp. at 337 n. 3; *Creekmore, supra,* 797 F.Supp. at 508 n. 4; *Moody v. Commercial Ins. Co. of Newark, N.J.,* 753 F.Supp. 198, 200 & n. 3 (N.D.Tex.1990); *Knowles, supra,* 629 F.Supp. at 835; *see also Lewis, supra,* 757 F.2d at 68.

## DISCUSSION

■ Ogletree contends that the removal procedure in this action was defective because only counsel for the City defendants signed the notice of removal. Barnes and Wright counter that the removal statute does not require them to sign the notice of removal; all that is necessary is that they join in or otherwise consent to the removal. While this latter assertion is true insofar as it goes, it nevertheless begs the larger, and more germane, question of what type of act is necessary to evidence joinder in or consent to removal.

Barnes and Wright argue that the representation in the notice of removal that "[a]ll defendants to this action consent to its removal to Federal District Court," (Notice of Removal ¶ 7), is sufficient.[4] Apparently, no district court within the Third Circuit has ever squarely addressed this question.[5] The Fifth Circuit, however, has held that:

3. There is some dispute as to when the thirty day period begins to run in cases involving multiple defendants. *Compare Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1262–63 (5th Cir.1988) (thirty-day period begins to run as soon as the first defendant is served) *with McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 928 (4th Cir. 1992) (individual defendants have thirty days from the time each is served to join a valid removal petition). In this case, however, the dispute has no relevance because Barnes and Wright, two parties whose joinder in or consent to the notice of removal was required to perfect removal, were the first defendants served. Thus, as to them, the thirty-day period would be the same under either mode of measurement.

4. The Pa. Board and the individual Pa. Board defendants also adopt this position. Additionally, both assert that they fall within exceptions to the unanimity requirement—the Board because

it is a nominal party and the individual defendants because they had not yet been served at the time the notice of removal was filed. In any event, the applicability of those exceptions in this case is of no import because **all** defendants must join in or consent to the removal. If Barnes and/or Wright failed to properly join in or consent to the removal, then the action must be remanded; whether or not the Pa. Board and the individual Pa. Board defendants fall within the exceptions to the unanimity requirement is simply irrelevant. Consequently, the court will confine its inquiry into an examination of Barnes and Wright's alleged lack of joinder in or consent to the removal.

5. The parties' briefing of this issue is disappointingly limited. A cursory perusal of the notes of decision to 28 U.S.C.A. § 1446 would have uncovered many of the cases cited herein by the court.

[W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but **there must be some timely filed written indication from each defendant,** or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty, supra,* 841 F.2d at 1262 n. 11 (emphasis added).[6]

Not surprisingly, district courts within the Fifth Circuit while not demanding that each defendant actually sign the notice of removal, have required that there be "some timely filed written document from each served defendant or its official representative, indicating that it has consented [to removal]."

*Thompson, supra,* 835 F.Supp. at 337 n. 3. *See also Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992); *Luckett v. Harris Hospital–Forth Worth,* 764 F.Supp. 436, 442 (N.D.Tex.1991). Likewise, district courts within the Fourth, Sixth, Seventh, and Eleventh Circuits have all endorsed similar requirements.[7]

Two of those cases are particularly relevant here. In *Martin Oil Company v. Philadelphia Life Insurance Company,* 827 F.Supp. 1236 (N.D.W.Va.1993), one of two defendants filed a notice of removal which represented that the other defendant "concurs with and joins in the decision ... to remove this civil action from state court to federal court." *Id.* The notice of removal was signed only by counsel for the removing defendant, and counsel for the other defendant filed neither a separate notice of removal nor a written joinder or consent. *Id.* There, the court held that the rule of unanimity is not satisfied when a notice of re-

6. In an unpublished disposition, the Fourth Circuit has noted that "[b]ecause the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or **officially and unambiguously consent to,** a removal petition within 30 days of service." *Wilkins v. Correctional Medical System,* 931 F.2d 888, 888 (table) (4th Cir.1991) (citations omitted) (emphasis added).

7. Fourth Circuit: *See, e.g., Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F.Supp. 1236, 1237 (N.D.W.Va.1993) ("The rule of unanimity ... does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint") (citation omitted); *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992) ("Although all defendants must join in the removal, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather, section 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process") (citations omitted); *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 (M.D.N.C.1982) ("Section 1446(a) requires defendants to 'file' a notice of removal. This provision clearly requires an official filing or voicing of consent") (footnote and citation omitted).

Sixth Circuit: *See, e.g., Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461–62 (E.D.Mich. 1990) (following "majority view," court holds that defendant's unsupported assertion that codefendant did not object to removal did not satisfy requirement of official joinder or consent to removal; although removal notice did not have to be signed by codefendant, codefendant had to join in or consent to removal by way of an official filing or voicing of consent); *Godman v. Sears, Roebuck & Co.,* 588 F.Supp. 121, 124 (E.D.Mich.1984) (court remands action because the nonremoving co-defendant "failed to file an official consent or joinder within the statutory time period," even though the removing defendant had indicated in its removal notice that the co-defendant planned to join in the removal).

Seventh Circuit: *See, e.g., Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447–48 (N.D.Ill. 1987) (*"[E]ach* defendant must communicate his consent to the court, either orally or in writing, within the thirty-day period. ... The removal statutes require that all defendants communicate their consent *to the court*—not to one another") (footnote and citations omitted) (emphasis in original).

Eleventh Circuit: *See, e.g., Knowles v. Hertz Equipment Rental Co.,* 657 F.Supp. 109, 110 (S.D.Fla.1987) ("Defendants must manifest consent to removal either in writing or orally to the Court within the 30–day period") (citations omitted); *Clyde v. National Data Corp.,* 609 F.Supp. 216, 218 (N.D.Ga.1985) ("unanimity must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent") (footnote omitted).

moval signed by only one defendant represents that another defendant consents to removal:

> [I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf. Rather, **the non-signing defendant must voice such consent directly to the Court by filing a separate pleading which expresses consent to join.**

*Id.* at 1239 (emphasis added).

Likewise, in *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505 (E.D.Va.1992), one of three defendants filed a notice of removal which claimed that the other two defendants consented to the removal. *Id.* at 506–07. The other two defendants "never endorsed [the] notice of removal, never separately or jointly filed any removal pleadings, and never filed any affidavits of formal consent to the removal." *Id.* at 507. Consequently, the court held that:

> [The removing defendant's] representations that the other defendants consented to removal ... do not satisfy the requirements of section 1446. **The statute requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney....** [P]roper removal does not depend on the absence of [an] objection [to removal]. **Rather, all defendants must affirmatively and unambiguously assert their desire to remove the case to federal court.**

*Id.* at 509 (footnotes and citation omitted) (emphasis added).

In *Creekmore,* the removing defendant also contended that because its representations regarding the other defendants' consent to removal were governed by Rule 11 of the Federal Rules of Civil Procedure, *see* 28 U.S.C. § 1446(a), "the other defendants need not have voiced their consent to removal before [the] court." *Id.* at 508. The court rejected this argument as well, noting that while Rule 11 subjected the removing defendant to sanctions for unauthorized or false pleadings, it "[did] not authorize one party to make representations or file pleadings on behalf of another." *Id.* (footnote omitted). *See also Moody, supra,* 753 F.Supp. at 200 n. 6 ("While [Rule 11] may very well subject the signer of the pleadings to sanctions for failing to adequately investigate the factual allegations contained therein, [it] does little in the way of binding the allegedly consenting co-defendant to the removal action").[8]

While some courts have not required defendants who do not sign a notice of removal to file a formal written pleading indicating their consent to removal in order to satisfy the unanimity requirement, *see, e.g., Colin K. v. Schmidt,* 528 F.Supp. 355, 358 (D.R.I.1981) (unanimity requirement satisfied where defendants who did not sign the notice of removal **orally** voiced their consent to removal at a court conference within the thirty-day period), in this instance Barnes and Wright did nothing—either formally or informally, written or oral—to manifest their clear and unambiguous consent to removal within the thirty-day period.[9]

 Moreover, even if the court were to view the motions to dismiss filed by Barnes and Wright as evidencing clear and unambiguous consent to the removal, such motions were filed after the thirty-day period mandated by 28 U.S.C. § 1446(b) had expired.[10]

**8.** Like *Martin Oil* and *Creekmore, Moody* also held that "unsupported allegations in the defendants' notice of removal relating to a co-defendant's assent to the removal" are not sufficient "to properly join all defendants in the removal action." *Id.,* 753 F.Supp. at 200.

**9.** The court notes that counsel for the Pa. Board and the individual Pa. Board defendants filed entries of appearance in which those defendants explicitly joined the City defendants' notice of removal. (*See* Documents # 4 and # 8.) By contrast, the entry of appearance filed by Wright's counsel contains no indication of joinder in or consent to the City defendants' notice of removal. (*See* Document # 7.) Barnes' counsel has not filed an entry of appearance in this court; his state court entry of appearance, filed one day before the City defendants' notice of removal was filed, makes no mention of joinder in or consent to the removal.

**10.** Both Barnes and Wright filed their motions to dismiss on February 28, 1994, (*see* Documents # 2 and # 3)—thirty-five days after they were served with the complaint on January 24, 1994.

Thus, although the court seriously doubts that the filing of a motion to dismiss in federal court is sufficient to constitute consent to removal, any consent possibly inferred therefrom was nevertheless untimely. While a few courts have allowed non-signing defendants to submit affidavits of consent after the thirty-day period had expired,[11] it is well-settled in this district that "[t]he thirty-day limitation is mandatory and the court is without authority to expand it." *Collins, supra,* 724 F.Supp. at 359 (citations omitted); *see also McManus, supra,* 710 F.Supp. at 1045; *Balestrieri, supra,* 544 F.Supp. at 529; *Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39, 40 (E.D.Pa.1982); *Crompton, supra,* 477 F.Supp. at 701; *Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc.,* 461 F.Supp. 994, 996 (E.D.Pa.1978); *Sun Oil Co. of Pennsylvania v. Pennsylvania Dept. of Labor & Industry,* 365 F.Supp. 1403, 1406 (E.D.Pa.1973).

In *Martin Oil, supra,* the court noted that:

There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while ensuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove.

*Id.,* 827 F.Supp. at 1238–39. This court concurs. Without some sort of indication from each defendant that it either joins in or consents to the removal—perhaps even an informal indication such as a letter to the court—there is nothing on the record to bind that defendant to the removal.

Here, Barnes and Wright not only took no action to clearly and unambiguously bind themselves to the removal,[12] but Wright also continued to affirmatively litigate this action in state court, by obtaining subpoenas for the production of Ogletree's medical records, **after** the City defendants' notice of removal was filed. (*See* Plaintiff's Mem. Supp. Mot. to Remand at 3 & Ex. G.) Such action seriously undermines any representations regarding Wright's alleged consent to the removal. Moreover, because the removal statute limits the judicial power of the states and infringes upon their sovereignty, this court must construe its requirements strictly and resolve all doubts in favor of remand.[13] Consequently, the court concludes that because Barnes and Wright failed to clearly and unambiguously join in or otherwise consent to the City defendants' notice of removal within the thirty-day period mandated by 28 U.S.C. § 1446(b), the "rule of unanimity" was not satisfied and the removal of this action was thus defective. Therefore, as plaintiff has timely complained of this defect, the court, pursuant to 28 U.S.C. § 1447(c), will grant his motion to remand.

## CONCLUSION

For the foregoing reasons, the court will remand this action to the Philadelphia County Court of Common Pleas. An appropriate order follows.

Since Barnes and Wright were also the first defendants served, the alternate method of computing the thirty-day period yields the same result. *See supra* n. 3.

**11.** *See, e.g., Sicinski v. Reliance Funding Corp.,* 461 F.Supp. 649, 652 (S.D.N.Y.1978); *Mechanical Rubber & Supply v. American Saw & Mfg.,* 810 F.Supp. 986, 989–90 (C.D.Ill.1990) (following *Sicinski); but see Moody, supra,* 753 F.Supp. at 202 (criticizing *Sicinski* ).

**12.** Apparently the Pa. Board and the individual Pa. Board defendants were aware of the requirement that each defendant must clearly and unambiguously join in or consent to the notice of removal within the thirty-day period. *See supra* n. 9.

**13.** *See Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934); *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Steel Valley Authority v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed sub nom. American Standard, Inc. v. Steel Valley Authority,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir.1985); *McManus v. Glassman's Wynnefield, Inc.,* 710 F.Supp. 1043, 1045 (E.D.Pa.1989).

## ORDER

**AND NOW,** this 21st day of April, 1994, upon consideration of the plaintiff's motion to remand and the defendants' responses thereto, and for the reasons stated in the accompanying memorandum, it is hereby **OR-DERED** that the plaintiff's motion is **GRANTED** and that this civil action is **RE-MANDED** to the Court of Common Pleas, Philadelphia County.

It is further **ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall send a certified copy of this order to the Prothonotary for the Court of Common Pleas, Philadelphia County.

It is also further **ORDERED** that the Clerk of Court shall return the file in this action to the Prothonotary for the Court of Common Pleas, Philadelphia County.

It is also further **ORDERED** that this action be closed for statistical purposes.