752 F.Supp. 894 (1990)
James AMRHEIN, et al., Plaintiffs,
v.
The QUAKER OATS CO., et al., Defendant.
No. 89-1023-C(5).
United States District Court, E.D. Missouri, E.D.
December 20, 1990.
Thomas C. Hullverson, Hullverson, Hullverson & Frank, St. Louis, Mo.
C. Barry Montgomery, Lori E. Iwan, Chicago, Ill.
Timothy J. Phillips, St. Louis, Mo.
Edward Bippen, St. Louis, Mo.

MEMORANDUM
LIMBAUGH, District Judge.
James Amrhein, a minor, instituted this action against the manufacturer of the car seat in which he was riding when his mother's vehicle was struck head-on by another vehicle. Plaintiff asserts that he sustained serious injuries because the car seat was defectively designed.
Through his mother and next friend, Denise Amrhein, plaintiff brought suit for *895 damages against The Quaker Oats Company ("Quaker Oats") and Richard Reask, the driver of the second vehicle involved in the collision. The car seat was manufactured by Fisher-Price, a division of Quaker Oats. Plaintiff commenced this action in the Circuit Court of the City of St. Louis. Quaker Oats removed the action to this Court asserting the federal defense of preemption.[1]
This matter is before the Court on plaintiff's motion to remand and Quaker Oat's motion for summary judgment. Both parties have thoroughly briefed the issues and the Court has heard oral arguments on these motions. Plaintiff's motion to remand challenges the jurisdiction of this Court, therefore, the Court will first address the question of whether removal was proper.

Motion to Remand
The Supreme Court described "[t]he century-old jurisdictional framework governing removal of federal question cases from state into federal courts" in Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The federal removal statute provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "One category of cases over which the district courts have original jurisdiction are `federal question' cases; that is, those cases `arising under the Constitution, laws, or treaties of the United States.'" Metropolitan Life, 481 U.S. at 63, 107 S.Ct. at 1546 (citing 28 U.S.C. § 1331). However, it is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).
Federal preemption is ordinarily raised as a defense. Because it does not appear on the face of a well-pleaded complaint, it does not authorize removal to federal court. Metropolitan Life, 481 U.S. at 63, 107 S.Ct. at 1546, (citing Gully, 299 U.S. 109, 57 S.Ct. 96). One corollary to the "well-pleaded complaint rule" is known as the "complete preemption" doctrine. Congress may conclude that the force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life, 481 U.S. at 65, 107 S.Ct. at 1547. In those cases, the defendant can remove to federal court based on the federal preemption defense even though no federal claim appears on the face of the complaint.
The Supreme Court has narrowly contained the complete preemption doctrine. State law claims for violation of contracts between an employer and a labor organization have long been treated as preempted by § 301 of the Labor Management Relations Act ("LMRA"). See Avco Corp. v. Machinists, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). However, the Court held that state-law claims on individual contracts were not "completely preempted" § 301 claims in Caterpillar Inc. v. Williams, 482 U.S. 386, 394-95, 107 S.Ct. 2425, 2430-31, 96 L.Ed.2d 318 (1987). In Metropolitan Life, the Supreme Court held that Employee Retirement Income Security Act ("ERISA") provided an exclusive federal cause of action for resolution of suits by beneficiaries to recover benefits from a covered plan.
The Supreme Court's decisions in Caterpillar and Metropolitan Life demonstrate that the intent of Congress determines whether a case is removed based on the federal preemption defense. What is relevant from those cases is not the conclusion *896 that the Court reached regarding the statutes analyzed there. Rather, what is important is the standard that the Supreme Court established for removal based on complete preemption. A court must determine with regard to the particular statute whether "Congress has clearly manifested an intent to make causes of action ... removable to federal court." Metropolitan Life, 481 U.S. at 66, 107 S.Ct. at 1548.
The standard is a difficult one to meet. Congressional intent to preempt a field is not enough; Congress must intend to create removal jurisdiction. Id. at 65-66, 107 S.Ct. at 1547-48. Justice Brennan explained:
... I note that our decision should not be interpreted as adopting a broad rule that any defense premised on congressional intent to preempt state law is sufficient to establish removal jurisdiction. The Court holds only that removal jurisdiction exists when, as here, "Congress has clearly manifested an intent to make causes of action ... removable to federal court." Ibid. (emphasis added). In future cases involving other statutes, the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court.
Id. at 67-68, 107 S.Ct. at 1548 (J. Brennan, concurring).
Thus, the issue is not, as defendant asserts, whether the complete preemption of car seat regulation is a federal question requiring removal of the lawsuit to federal court. "[E]ven an `obvious' pre-emption defense does not, in most cases, create removal jurisdiction." Id. at 66, 107 S.Ct. at 1548. The question for this Court is whether Congress has clearly manifested an intent to make all causes of action relating to child restraints removable to federal court. The answer is simply no.
First, the plain language of the relevant statute states that compliance with the federal child restraint regulations would not exempt a manufacturer from liability under common law. Federal Motor Vehicle Safety Standard 213 ("Standard 213"), which regulates child seating restraint systems, was promulgated pursuant to the National Traffic and Motor Vehicle Safety Act ("Safety Act"). Section 108(c) of the Safety Act provides that "[c]ompliance with any Federal motor vehicle safety standard issued under this subchapter does not exempt any person from liability under common law." 15 U.S.C. § 1397(c). The Eighth Circuit has held that section 1397(c) preserves common law suits. See Larsen v. General Motors Corp., 391 F.2d 495, 506 (8th Cir.1968). Standard 213 also states that the child restraint regulations themselves "... impose minimum requirements for child seating systems for use in passenger cars." 49 C.F.R. Part 371 (emphasis added).
Second, the legislative history is also contrary to a Congressional intent for an exclusive federal forum. The Senate report specifically addresses the Safety Act's effect on state law. "[T]he Federal minimum safety standards need not be interpreted as restricting state common law standards of care. Compliance with such standards would thus not necessarily shield any person from product liability at common law." S.Rep. No. 1301, 89th Cong. 2d Sess., reprinted in 1966 U.S.Code Cong. and Admin.News 2709, 2720. Similarly, the House Report reads: "It is intended, and this subsection specifically establishes, that compliance with safety standards is not to be a defense or otherwise to affect the rights of parties under common law particularly those rights relating to warranty, contract and tort liability." H.R.Rep. No. 1776 at 24, 89th Cong. 2d Sess. (1966) (emphasis added).
The statute and the legislative history do not support a finding that Congress intended the force of the Safety Act and Standard 213 to be so "extraordinary" as to "convert[] an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." See Metropolitan Life, 481 U.S. at 65, 107 S.Ct. at 1547. Defendant points to several cases to support its preemption argument. However, none supports removal jurisdiction.
*897 In Juvenile Products Mfrs. Ass'n v. Edmisten, 568 F.Supp. 714 (E.D.N.C.1983), the district court held that a state pre-marketing certification scheme for child restraints was preempted by Standard 213 and the Safety Act. That case is distinguishable for two reasons. First, it addressed a state pre-marketing certification scheme, not a common law products liability action. But more importantly, it was not a case founded on removal jurisdiction. Juvenile Products considered only the question of preemption of the state approval process by the federal regulation scheme.
Defendant also relies on cases where courts held that the Safety Act preempted negligence claims against automobile manufacturers for failure to install air bags. However, those cases, too, dealt only with the question of preemption as a defense and not the issue of Congressional intent to create removal jurisdiction. See Kitts v. General Motors Corp., 875 F.2d 787, 789 (10th Cir.1989) (Safety Act preempts state tort law claim against automobile manufacturer for failure to install air bags); Staggs v. Chrysler Corp., 678 F.Supp. 270 (N.D. Ga.1987) (federal law preempted claim of strict liability based on absence of air bags); Schick v. Chrysler Corp., 675 F.Supp. 1183 (S.D.1987) (Safety Act preempted common-law cause of action for negligence based on manufacturers' failure to install air bag passive restraint device); Vanover v. Ford Motor Co., 632 F.Supp. 1095, 1096-97 (E.D.Mo.1986) (Safety Act expressly preempts air bag claims).
Defendant points to nothing that would demonstrate Congress' "manifest intent" for removal jurisdiction. To the contrary, the relevant statutes and legislative history demonstrate that Congress intended to allow state common law causes of action. This contradicts any intent for an exclusive remedy in federal court as was clearly present in the extraordinary cases where the Supreme Court found complete preemption. See Metropolitan Life, 481 U.S. 58, 107 S.Ct. 1542 (ERISA); Avco, 390 U.S. 557, 88 S.Ct. 1235 (LMRA).
On this motion to remand, the question before this court is whether "Congress has clearly manifested an intent to make causes of action ... removable to federal court." Metropolitan Life, 481 U.S. at 66, 107 S.Ct. at 1548. Based on the statute, the regulations and the legislative history, the answer is no. Removal was improper and this Court must remand to state court.

Motion for Summary Judgment
Because removal was improper, this Court has no jurisdiction to address the merits of defendant's motion for summary judgment. This memorandum goes only to the question of Congress' intent for removal jurisdiction; it does not evaluate the issue of preemption as a defense.
Accordingly, this Court will grant plaintiff's motion to remand this case to state court.
NOTES
[1] Richard Reask did not join Quaker Oats petition for removal to this Court. Apparently, Reask had not yet been served at the time Quaker Oats filed its notice of removal.