Evanna COARDES, Administratrix of the Estate of Robert Coardes, and individually as the decedent spouse, Ancenet Saunders, Roberta Haynes, Williemae Jackson and Robert Coardes, Jr., children of Robert Coardes, Plaintiffs,

v.

CHRYSLER CORPORATION, a Delaware corporation, Defendant and Third–Party Plaintiff,

v.

Gloria F. JEWELL, Third–Party Defendant.

Civ. A. No. 91–231 MMS.

United States District Court, D. Delaware.

March 2, 1992.

Caroline Ayres–Fountain of Jacobs & Crumplar, P.A., Wilmington, Del., for plaintiffs.

Roger D. Landon of Heckler & Cattie, Wilmington, Del., of counsel: Keith D. Heinold of Liebert, Short & Hirshland, Philadelphia, Pa., for defendant and third-party plaintiff.

Paul M. Lukoff, and Michael P. Freebery of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for third-party defendant.

OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

Plaintiffs instituted this action by filing a four-count Complaint against Chrysler Corporation in Superior Court in New Castle

County. (App. to Pls.' Opening Br., (Docket Item 7 ["Dkt."]) at A–1). Plaintiffs' original Complaint alleged that Chrysler was liable to the plaintiffs by virtue of alleged violations of the Consumer Product Safety Act. (Dkt. 7 at A–1–6).[1]

On August 30, 1990, defendant filed a Notice of Removal removing this case to the United States District Court for the District of Delaware. In support of removal, defendant urged because Count IV of plaintiffs' original Complaint sought recovery from defendant under the Consumer Product Safety Act, a federal statute, plaintiffs had presented a federal question over which this Court had jurisdiction pursuant to 28 U.S.C. § 1331.[2]

Plaintiffs opposed removal and moved for remand. By order of this Court dated November 16, 1990, this Court found that the Consumer Product Safety Act did not give rise to a private cause of action. (Dkt. 7 at 24). In so holding, all federal claims dropped out of the case and the Court used its discretion under the doctrine of pendent jurisdiction to remand to state court.

In state court, plaintiffs filed two motions to amend the Complaint. The first motion was subsequently withdrawn and the second was granted on March 19, 1991. Plaintiffs' Amended Complaint now alleges in pertinent part:

## COUNT I

### (Negligence by Chrysler Motors)
\* \* \* \* \* \*

10. Chrysler Motors owed the plaintiff's decedent the duty to use reasonable care in designing, manufacturing, constructing, building, assembling, supplying, distributing, marketing, and selling the Coardes' Dodge Aires and in giving post-sale warnings of dangerous defects in the Coardes' Dodge Aires. *Defendant failed to perform its duties as imposed upon it by the Traffic and Motor Vehicle Safety Act, 15 U.S.C. Secs. 1381 et seq., as plaintiff was within the class of people who should have received warning.*

11. Chrysler Motors was negligent in breaching the duties described in the foregoing paragraph, and in related ways.

12. The acts and omissions of Chrysler Motors, described above, constitute willful, wanton and reckless conduct which evidences a conscious disregard of the rights of others (including the plaintiff's decedent) and/or criminal indifference to civil obligations.

13. As a direct and proximate result of this negligence of Chrysler Motors, the statutory beneficiaries identified above have suffered the injuries and damages described above and pray for judgment as later set forth in this Complaint.

(Dkt. 7 at A–9–10).

On April 15, 1991, defendant filed a Notice of Removal removing this case once again to federal court. To support removal defendant urged that paragraph 10 of plaintiffs' Amended Complaint seeks relief arising under the Traffic and Motor Vehicle

---

1. Specifically, Count IV of the original Complaint reads in pertinent part,
COUNT IV
(Violation by Chrysler Motors of the Consumer Product Safety Act, 15 U.S.C. Secs. 2051 *et seq.*)
\* \* \*
23. Pursuant to the Consumer Product Safety Act, 15 U.S.C. Sec. 2068(a)(3), Chrysler Motors had to report to the Consumer Product Safety Commission (the "Commission") the occurrence of accidents resulting in serious injury or death.
24. Contrary to the statutory requirements described in the paragraph immediately above, before the plaintiff's decedent was killed Chrysler Motors knew or should have known that certain of the motor vehicles it

manufactured had the same stalling problem that the Coardes's Dodge Aires had, and yet Chrysler Motors failed to report this information to the Commission.
25. As a direct and proximate result of Chrysler's violation of the Consumer Product Safety Act as described above in this Count, the statutory beneficiaries identified above have suffered the injuries and damages described above and pray for judgment as later set forth in this Complaint.
(Dkt. 7 at A–5, ¶¶ 23–25).

2. After the case was first removed to federal court, a Third–Party Complaint was filed and served upon the third-party defendant, Gloria F. Jewell.

Safety Act ("MVSA"), a federal statute, and therefore presents a federal question. *See* 28 U.S.C. § 1331. Plaintiffs have again moved to remand arguing there is no federal question jurisdiction as paragraph 10 merely recites a state common-law claim of negligence per se with a reference to the MVSA.

For the reasons set forth below, plaintiffs' motion for remand will be granted.

## I.

■ Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441. Under section 1441, "only state court actions over which 'the district courts of the United States have original jurisdiction, may be removed by the defendant.'" *Railway Labor Exec. Ass'n v. Pittsburgh & Lake Erie R.R.*, 858 F.2d 936, 939 (3d Cir.1988). "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). As the asserted basis of federal jurisdiction in this case is subject matter jurisdiction, the "well-pleaded complaint rule" applies. *See Id.* That rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936).[3]

■ It is the defendant's burden to show the existence of federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939); *Abels v.*

*State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985). The Court of Appeals for the Third Circuit has cautioned, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels*, 770 F.2d at 29.

Defendant argues that plaintiffs' case "arises under the Constitution, laws, or treaties of the United States" because (1) an essential element of plaintiffs' negligence per se claim is proof of a violation of a federal statute (i.e., the MVSA) and (2) plaintiffs' claim "is in reality" a claim under the MVSA. The Supreme Court, however, has already rejected an argument similar to the first argument being made by the defendant in this case. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Plaintiffs in *Merrell Dow* brought suit against the manufacturer and distributor of the drug Bendectin, alleging that the drug caused multiple birth deformities when ingested by mothers during pregnancies. The plaintiffs argued, in part, that the drug company's violation of the federal Food, Drug, and Cosmetic Act ("FDCA") created a presumption of negligence. The plaintiffs did not allege that they had a federal cause of action under the FDCA, but rather that federal jurisdiction was proper because the case raised a substantial federal question in a state-created cause of action.

---

**3.** A case "may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Caterpillar, Inc. v. Williams*, 482 U.S. at 393, 107 S.Ct. at 2430. Despite this general rule, the Supreme Court has "fashioned an 'independent corollary,' to the well-pleaded complaint rule, known as the 'complete preemption doctrine.'" *Railway Labor Exec.*, 858 F.2d at 939. That doctrine applies only when "two circumstances are present: when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate and when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law." *Allstate Ins. Co. v. 65 Sec. Plan*, 879 F.2d 90, 93 (3d Cir.1989). With-

out commenting on the first prong of the test set forth in *65 Sec. Plan*, the Court notes that under the applicable statute in this case Congress has not "*clearly* manifested an intent to make causes of action ... removable to federal court." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 68, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) (J. Brennan concurring); *see also Railway Labor Exec.*, 858 F.2d at 942–43 ("[T]he Supreme Court has indicated that [the complete preemption doctrine] should not be applied unless there is affirmative evidence of a Congressional intent to permit removal despite the plaintiff's exclusive reliance on state law."). Accordingly, the complete preemption doctrine is not applicable to this case. *Cf. Amrhein v. Quaker Oats Co.*, 752 F.Supp. 894 (E.D.Mo.1990).

In rejecting plaintiffs' arguments and holding that federal jurisdiction did not lie, the Supreme Court noted that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Id.* at 814, 106 S.Ct. at 3235. The Court concluded:

> a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'

*Id.* at 817, 106 S.Ct. at 3237 (citing 28 U.S.C. § 1331).

The case before the Court now is not distinguishable from *Merrell Dow*. Both parties concede that plaintiffs have no private cause of action under the MVSA. The Complaint, despite its inartistic drafting, alleges a violation of a federal statute as an element of a state law tort claim flowing from the fact that a violation of any statute enacted for the safety and protection of the public constitutes negligence *per se* under Delaware law. *See Wright v. Moffitt,* 437 A.2d 554, 557 (Del.1981) ("It is settled Delaware law that the violation of a statute enacted for the safety of others is negligence in law or negligence *per se.*"); *Owens v. Process Industries, Inc.,* 722 F.Supp. 70, 73 (D.Del.1989) (same); *Sammons v. Ridgeway,* 293 A.2d 547, 549 (Del. 1972) (same). Moreover, plaintiffs' case does not hinge upon a jury finding of a violation of the MVSA on the part of the defendant since plaintiffs have also alleged general negligence, breach of warranties and strict liability. Thus a jury could find the defendant negligent but not in violation of the MVSA.

State courts are competent to determine what constitutes negligence per se under state law and must be permitted to perform that function in cases brought before them, absent a congressional intent to the contrary. Defendant cannot transform plaintiffs' state negligence action into a substantial federal question and "[f]ederal courts cannot create indirectly what Congress did not provide directly—namely, a federal forum for the privately asserted federal violations in this case." *Clark v. Velsicol Chem. Corp.,* 944 F.2d 196, 199 (4th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992).

Likewise, the Court is unpersuaded that plaintiffs' claim "is in reality" a claim under the MVSA. Before this hearing plaintiffs had assured the state court that they were not urging a cause of action based upon the MVSA and reiterated this position at oral arguments in this Court. Indeed, counsel for defendant conceded that plaintiffs would be bound by their representations to both the state and federal court. (Transcript at 34 (Dkt. 34)). Plaintiffs' reference to the MVSA, therefore, is simply one theory supporting the negligence claim. As noted by the Supreme Court in *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988),

> [t]he well-pleaded complaint rule ... focuses on claims, not theories, *see Franchise Tax Board [of California v. Construction Laborers Vacation Trust ]* 463 U.S. [1] at 26 and n. 29 [103 S.Ct. 2841 at 2855 and n. 29, 77 L.Ed.2d 420 (1983)]; *Gully,* 299 U.S. at 117 [57 S.Ct. at 99], and just because an element that is essential to a particular theory might be governed by federal ... law does not mean that the entire ... claim 'arises under' [federal] law.

*Id.* 486 U.S. at 811, 108 S.Ct. at 2175 (discussing patent law).

## II.

For the reasons set forth above, the Court holds that plaintiffs' negligence claim does not arise under federal law for purposes of federal jurisdiction. The Court will therefore enter an order remanding the case to state court.