INSTITUTE OF PENNSYLVANIA
HOSPITAL, Plaintiff,

v.

The TRAVELERS INSURANCE
COMPANY, Defendant.

Civ. A. No. 93–0486.

United States District Court,
E.D. Pennsylvania.

March 29, 1993.

Ellen J. Feinberg, Hayt, Hayt & Landau, Philadelphia, PA, for plaintiff.

Donna M. Dever, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case is now before the Court for disposition of both the plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County and the defendant's Cross–Motion to Dismiss the plaintiff's pendent state law claims on the grounds that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq.* preempts any and all causes of action which may arise under state law. Prior to our consideration of these motions, a quick review of the factual and procedural history of this action would first appear to be in order.

According to the allegations set forth in the plaintiff's complaint, this case initially arose in or about March, 1990 when the plaintiff hospital first admitted and rendered medical treatment to one Norman Black. Mr. Black subsequently remained a patient in the plaintiff hospital from March 23, 1990 until April 9, 1990; he was re-admitted on July 30, 1990 and remained hospitalized until September 13, 1990 and again on September 20, 1990 through October 10, 1990. The last period of hospitalization relevant to this case commenced on October 15, 1990 and ended on November 26, 1990. Mr. Black was a Travelers' insured and had executed assignment of benefits forms for each of his hospitalizations thereby assigning to the plaintiff the right to collect the benefits to which he would have been entitled directly from the defendant insurance company.

The plaintiff contends in its complaint, which was originally filed in the Court of Common Pleas of Philadelphia County, that while the defendant has directly paid it the sum of $83,124.76 on behalf of its insured, there still remains due and owing $6,169.25 for medical treatment rendered to Mr. Black. It is because the defendant has steadfastly refused to pay the balance of Mr. Black's bill that the plaintiff instituted the instant lawsuit in Philadelphia County Court on December 11, 1992.

Thereafter, on January 28, 1993, Travelers filed its Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 alleging, *inter alia,* that this court has original jurisdiction of this action because it arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(e). In response, the plaintiff filed its motion to remand, denying that its claim for unpaid hospital and medical services is governed by "ERISA." As noted above, the defendant then filed a motion to dismiss any pending state law claims for the same reason that because this case arose under "ERISA," that act effectively preempts any and all pendent state claims for relief.

The standards applicable to such motions to dismiss are well and firmly established. In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all of the allegations recited in the complaint, construing them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939 (3rd Cir.1985); *Hough/Loew Associates, Inc. v. CLX Realty Co.,* 760 F.Supp. 1141 (E.D.Pa. 1991). In order to prevail on a motion to dismiss, Defendant must establish that Plaintiff can prove no set of facts which would entitle it to relief. *See: Oatess v. Sobolevitch,* 914 F.2d 428, 431, note 8 (3rd Cir.1990); *Hendrix v. Fleming Companies,* 650 F.Supp. 301 (W.D.Okla.1986).

■ Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending ..." In the absence of diversity of citizenship of the parties, federal question jurisdiction is of course required. *See: Coardes v. Chrysler Corp.,* 785 F.Supp. 480 (D.Del.1992). The removal statutes are to be strictly construed by the federal courts and any and all doubts are to be resolved in favor of remanding cases to the state courts. *Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C.,* 778 F.Supp. 283 (W.D.Va.1991); *Holly Farms Corp. v. Taylor,* 722 F.Supp. 1152 (D.Del.1989).

■ These principles notwithstanding, however, where disputed or material issues of fact exist and a motion therefore cannot be decided based upon the materials then before the court, the court may properly defer its ruling thereon until such time as an evidentiary hearing or discovery on those issues has been taken or until such time as the parties have presented sufficient and conclusive evidence to enable the court to make an informed decision. Alternatively, the court may postpone a decision until evidence is submitted at trial if the disputed issues are intertwined with the merits of the case. *See, e.g.: Tiernan v. Devoe,* 923 F.2d 1024 (3rd Cir.1991); *Norman v. Levy,* 756 F.Supp. 1060 (N.D.Ill.1990); 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d,* § 1350.

■ In this case, our review of the pleadings and the allegations set forth in the parties' respective motions indicates that there exist disputed and material issues concerning whether Mr. Black was, in fact, insured pursuant to the provisions of ERISA. Indeed, while the defendant has alleged in its Notice of Removal and in its motion to dismiss that the said act applies and pre-empts the plaintiff's· claim for payment in this case, that allegation was denied by the plaintiff in its motion to remand. The plaintiff's complaint, in turn, is silent on this issue and, while the defendant has attached a copy of The Health and Welfare Plan of the Nation's Railroads and the Railway Labor Organizations in support of its dismissal motion, there is no record evidence whatsoever which indicates that Norman Black was a railroad/rail-

way employee and that the insurance benefits which he assigned to the plaintiff hospital were rendered pursuant to the attached plan. For these reasons, we believe the most equitable course of action to now follow is to continue these motions with directions to the parties to take discovery and submit such further evidence as is necessary to permit this court to make an informed ruling thereon. An order to this effect is therefore attached.

## ORDER

**AND NOW,** this 29th day of March, 1993, upon consideration of Plaintiff's Motion to Remand this Case to the Court of Common Pleas of Philadelphia County and the Defendant's Motion to Dismiss for Failure to State a Claim, and it appearing to the Court that there exist factual issues which cannot be resolved based upon the present record, it is hereby **ORDERED** that the Motion is **CONTINUED** until such time as the parties have taken further discovery on the question of whether Norman Black was insured pursuant to the provisions of The Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.* and have notified the court that the matter is ripe for disposition.