Thomas Edward NELSON, Plaintiff,

v.

UNITED ARTIST THEATER CIRCUIT, INC., and Bedway Security Agency, Inc., Defendants.

Civ. A. No. 93–CV–4387.

United States District Court, E.D. Pennsylvania.

Nov. 2, 1993.

Alan E. Denenberg, Philadelphia, PA, for plaintiff.

Brian J. Schu, White and Williams, Philadelphia, PA, for United Artist Theater Circuit Inc.

Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Bedway Sec. Agency, Inc.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a civil action for both compensatory and punitive damages by Plaintiff, Thomas Edward Nelson, as a result of the alleged carelessness, negligence and/or recklessness of Defendants, United Artist Theater Circuit, Inc. ("United Artist") and Bedway Security Agency, Inc. ("Bedway"). Presently before the Court is the motion of Plaintiff to remand the case to state court pursuant to 28 U.S.C. § 1447. For the reasons set forth below, Plaintiff's motion to remand will be granted and this case will be remanded to state court.

Briefly stated, the pertinent facts underlying this action are that in August, 1992, Plaintiff, a disabled veteran, was a patron at the United Artist Theater in Cheltenham, PA. Plaintiff maintains he was assaulted, battered, and unlawfully detained by officers and/or employees of Defendants when he attempted to use the theater's restrooms. As a result, Plaintiff allegedly suffered both physical and emotional injuries. Plaintiff filed a complaint on July 13, 1993, in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging claims of assault and battery, negligence, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress and malicious prosecution by Defendants.

Thereafter, Bedway filed a timely notice of removal in this Court on August 13, 1993 pursuant to 28 U.S.C. § 1441, contending that removal was proper because the action involved a federal question, and therefore, the federal district court would have original jurisdiction of the subject matter pursuant to 28 U.S.C. § 1331. Bedway based its argument on Plaintiff's allegations in his complaint that: (1) Defendants violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq., and (2) Defendants failed to properly train employees according to the statutory requirements of the aforementioned statutes. In addition, Bedway gave timely written notice of removal to Plaintiff, thereby effectuating removal to the federal court. 28 U.S.C. § 1446(d). In response, Plaintiff filed a motion to remand which is presently before this Court.[1]

A motion to remand is the proper method for a plaintiff to challenge removal if he or she believes removal is improper. *Robertson Motor Freight, Inc. v. Brady Motorfate, Inc.*, 287 F.Supp. 449 (E.D.Pa.1968). In considering a motion to remand, there are four prerequisites which must be satisfied to determine if removal to the federal district court was proper: (1) the federal law must be an "essential" element of plaintiff's cause of action; (2) the federal question must arise from a well-pleaded complaint and not from the answer or the petition for removal; (3) the federal question may not be inferred from a defense; and (4) the federal question must be substantial. *Martin v. Wilkes–Barre Publishing Co.*, 567 F.Supp. 304, 307 (M.D.Pa.1983) (quoting *Schultz v. Coral Gables Fed. Sav. & Loan Ass'n*, 505 F.Supp. 1003, 1008 (S.D.Fla.1981)). Courts have placed great emphasis on the first requirement in that to present a federal question, "the statute, . . . right or immunity created

---

1. Although not mentioned in Plaintiff's motion to remand, removal is also improper for procedural reasons. An objection made to removal, even if on other grounds, does not preclude a court from reviewing the notice and remanding the case for procedural flaws. *Knowles v. American Tempering, Inc.*, 629 F.Supp. 832, 835 n. 2 (E.D.Pa. 1985). The general rule regarding removal is that all served defendants must join in the removal notice within thirty days of their receipt of the initial pleading. *Prowell v. West Chemical Products, Inc.* 678 F.Supp. 553, 554 (E.D.Pa. 1988); *Stokes v. Victory Carriers, Inc.*, 577

F.Supp. 9, 10 (E.D.Pa.1983). Further, removal statutes are strictly construed against removal and in favor of remand. *Stokes*, 577 F.Supp. at 12.

United Artist has failed to join Bedway in the notice of removal within thirty days after the parties were served with the complaint. Bedway's notice of removal did not include any explanation regarding the absence of United Artist's joinder or consent to removal. In light of the fact that the removal statute is strictly construed, Bedway's removal is improper for failure of all defendants to join the notice of removal.

by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Albert Einstein Medical Center v. Nat'l Benefit Fund for Hosp. and Health Care Employees,* 740 F.Supp. 343, 348 (E.D.Pa.1989) (quoting *Gully v. First Nat'l Bank of Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 100, 81 L.Ed. 70 (1936)). On a motion to remand, the burden is upon defendant to establish that the case was properly removed to the federal court. *Capone v. Harris Corp.,* 694 F.Supp. 111, 112 (E.D.Pa.1988); *Davis v. Baer,* 599 F.Supp. 776, 779 (E.D.Pa.1984).

In *Coardes,* the court held that a defendant could not transform a state negligence action into an action with a federal question because the reference to a federal issue was simply one theory supporting the negligence claim. *Coardes v. Chrysler Corporation,* 785 F.Supp. 480, 483 (D.Del.1992). In *Coardes,* plaintiff's complaint alleged a cause of action for negligence. Plaintiff also claimed that defendant had violated the Traffic and Motor Vehicle Safety Act, 15 U.S.C. §§ 1381 et seq., in support of the negligence claim. In remanding the action to the state court, the court stated that "just because an element that is essential to a particular theory might be governed by federal ... law does not mean that the entire ... claim 'arises under' [federal] law." *Coardes,* 785 F.Supp. at 483 (quoting *Christianson v. Colt Industries Operating Corporation,* 486 U.S. 800, 811, 108 S.Ct. 2166, 2175, 100 L.Ed.2d 811 · (1988)). Moreover, "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Coardes,* 785 F.Supp. at 483 (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986)).

■ After reviewing the present record, we find that Defendants have failed to prove that the federal question is an "essential" element in Plaintiff's cause of action. Plaintiff's claims are for common-law negligence, assault and battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress and malicious prosecution. In support of his negli-

gence and negligent infliction of emotional distress claims, Plaintiff alleges that Defendants have violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("1973 Act"). Federal law does not create Plaintiff's cause of action nor is Plaintiff's right to relief dependent on resolution of either federal statute. Because Bedway has failed to satisfy the "essential" element requirement for removal, we hold that removal to this Court from state court was improper.

### CONCLUSION

For the foregoing reasons, we will grant Plaintiff's motion and remand the entire case to its original situs of filing, namely, the Court of Common Pleas of Philadelphia County, Pennsylvania.