**Sandra SENTER, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant.**

**No. 89-6304-CIV-JAG.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

May 18, 1989.

Andrew L. Ellenberg, Thornton, David & Murray, P.A., Miami, Fla., for plaintiff.

Douglas Lyons Stinson, Lyons, Gerlin & Bustamante, P.A., Miami, Fla., for defendant.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion for reconsideration of petition for removal filed by the defendant, Sears.

On April 11, 1989, this court denied the defendant's petition for removal and remanded the case back to the state court.

The defendant has now come forward and supplied the citizenship status of the various parties which was missing from the initial petition for removal. This was just one of the reasons why this court found in its previous order that it lacked jurisdiction over this matter. The defendant does not dispute that certain jurisdictional facts were indeed omitted from the initial petition such as the defendant Sears' state of incorporation and principle place of business.

This motion for reconsideration must be treated as a second petition for removal and is accordingly, without merit. The defendant does not dispute that this court's order of April 11, 1989 was erroneous. Rather, Sears wishes to correct its jurisdictional allegations with a motion for reconsideration. However, there is no removal provision for either a motion for reconsideration or a second removal petition which can serve to correct pleading requirements clearly stated in 28 U.S.C. § 1446 or which will relate back to the filing of the initial petition.

When a defendant moves a federal district court to grant a removal petition, the court must make an initial inquiry whether

it has subject matter jurisdiction over the cause. In making this determination, the court must consider the procedural posture of the case at that time including the status of all parties and the action of the state court in disposing of the matter. For example, in this case, the defendant's act of including a third-party complaint with the notice of removal gave the appearance that there was an additional party to this suit, but it was unclear if this party had been joined in the action by the state court.

In granting the petition for removal, the federal court must make this important, initial decision with certainty so as not to unduly interfere with the jurisdiction of the state courts which would be the case if defendants could file more than one petition for removal.

This interest in comity in addition to the narrowness of this court's removal jurisdiction, *see Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), weighs heavily against the defendant.

Having considered the motion, and the record in this cause, it is hereby

ORDERED AND ADJUDGED that the motion for reconsideration filed by the defendant, Sears, is DENIED for lack of jurisdiction. Further, this court's order dated April 11, 1989 is hereby CONFIRMED as the final order of dismissal in this cause for the reasons stated therein.

DONE AND ORDERED.