## CHRYSLER FIRST FINANCIAL SERVICES CORPORATION, Plaintiff,

v.

## Robert GREENFIELD, Amerifirst Bank, The United States of America, et al., Defendants.

### No. 90–7009–CIV.

United States District Court,
S.D. Florida.

Jan. 15, 1991.

---

Betty Ann Beavers, Plantation, Fla., for plaintiff.

B.B. Allen, Miami, for U.S.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the Court upon the notice to remove this cause to this Federal forum filed by defendant United States of America.

FACTS

This mortgage foreclosure action was commenced on November 15, 1990 when the plaintiff sued the defendants in the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Florida. Service was perfected on the movant on that date.

The United States of America has been joined as a defendant because of a final Judgment entered in its favor against the same property on June 8, 1990.

DISCUSSION

The United States of America is the sole movant in this removal proceeding. It claims that the case should be removed to this Federal forum pursuant to 28 U.S.C. § 1444.[1]

Section 1446(a), Title 28 of the United States Code requires a party seeking removal to file a notice of removal listing all grounds which support the federal court's jurisdiction. The removal procedures are strictly construed because of this Court's limited removal jurisdiction. *See Senter v. Sears, Roebuck & Co.*, 712 F.Supp. 179 (S.D.Fla.1989) (Gonzalez, J.); *Cury v. Royal Palm Savings Ass'n*, 713 F.Supp. 388 (S.D.Fla.1989) (Gonzalez, J.).

Courts have held that a District Court need only look to the face of the removal notice to determine whether the case is removable from state court. This "strict view holds that the grounds for removal must appear on the face of the complaint unaided by reference to the other pleadings or the petition to removal." *Baker v. Firestone Tire & Rubber Co.*, 537 F.Supp. 244, 246 (S.D.Fla.1982) (Spellman, J.), *citing, Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1934); *see also, Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961).[2]

All defendants must join in the petition for removal, or a statement explaining their absence must be included with the petition for removal. *See, e.g., Northern Illinois Gas Company v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir.1982); *Jasper*

---

1. Pursuant to 28 U.S.C. § 2410, a party may file an action against the United States when the United States has a lien on such property. 28 U.S.C. § 1444 affords the United States a substantive right to remove such actions. *See, e.g. City of Miami Beach v. Smith*, 551 F.2d 1370, 1373, n. 5 (5th Cir.1977); 1A Moore's Federal Practice, par. 0.166 at 442–453.

2. Caselaw of the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 has been adopted as binding precedent in this judicial circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

*v. Wal–Mart Stores, Inc., et al.*, 732 F.Supp. 104 (M.D.Fla.1990); *Knowles v. Hertz Equipment Rental Co.*, 657 F.Supp. 109 (S.D.Fla.1987); *Fellhauer v. City of Geneva*, 673 F.Supp. 1445 (N.D.Ill.1987). By having all defendants consent to a removal petition, one defendant is prevented from choosing a forum for all, and the risk of inconsistent adjudications in state and federal court will be eliminated. *Fellhauer*, 673 F.Supp. at 1447, n. 5.

The notice of removal before this Court was filed by the United States of America *only*. The other defendants, Robert Greenfield, Amerifirst Bank, and Unknown Tenant(s) at 3321 N.W. 65th Street, Fort Lauderdale, Florida, have not joined in the United States' petition for removal, nor has the United States indicated on the face of the removal petition whether the remaining defendants agree to removal.

█ In actions involving multiple parties, however, the Federal Government may remove the entire proceeding under § 1444. The other defendants need not join in the petition for removal. The United States has an "unqualified option to remove" any state court lawsuit brought under § 2410. *See, e.g. E.C. Robinson Lumber Co. v. Hughes*, 355 F.Supp. 1363, 1368 (E.D.Mo. 1972); *Hamlin v. Hamlin*, 237 F.Supp. 299, 300 (N.D.Miss.1964); 1A Moore's Federal Practice, par. 0.166 at 453.

Having reviewed the motion, the record in this matter, and being otherwise duly advised, it is hereby:

ORDERED AND ADJUDGED that pursuant to 28 U.S.C. § 1441, *et seq.* defendants' motion be GRANTED and this case shall stand REMOVED to this federal forum.

DONE AND ORDERED.