John **SPILLERS** and Sonja
Spillers, Plaintiffs,

v.

C. R. **TILLMAN,** M.D. and Natchez Regional Medical Center f/k/a Jefferson Davis Memorial Hospital, Defendants.

Civil Action No. 5:96–cv–157(Br)(S).

United States District Court,
S.D. Mississippi,
Western Division.

March 17, 1997.

Gail S. Akin, Boyd & Akin, Jackson, MS, for John Spillers, Sonja Spillers.

Richard D. Underwood, Varner, Parker, Sessums & Akin, Vicksburg, MS, for C. R. Tillman.

James P. Streetman, III, Dianne M. Wolfe, Clark, Scott & Streetman, Jackson, MS, Richard Underwood, Varner, Parker, Sessums & Akin, Vicksburg, MS, for Natchez Regional Medical Center.

*MEMORANDUM OPINION AND ORDER*

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' (John Spillers and Sonja Spillers) motion to remand (**docket entry no.** 8). Having carefully considered the motion and responses, as well as the memoranda and supporting documents, the Court finds as follows:

This case was originally filed in the Circuit Court of Adams County, Mississippi, on October 2, 1996. The defendant Natchez Regional Medical Center ("the Hospital") accepted process by Waiver of Process on October 7, 1996. The defendant C. R. Tillman, M.D. ("Tillman"), was personally served with process on October 11, 1996. The complaint alleges claims against both defendants for negligence under state law.

On October 15, 1996, Richard D. Underwood, the attorney for defendant Tillman, filed a Notice of Removal in state court, removing the action to this Court on the basis of federal question jurisdiction, 28 USC § 1331. The Notice of Removal refers to the defendants in the plural, and states that the defendants (plural) are filing the Notice of Removal. However, the Notice does not state that Mr. Underwood is authorized to act for the Hospital. Mr. Underwood signed the Notice as counsel for the defendant (singular). The Notice does not contain a signature line for the Hospital or its attorney.

On October 25, 1996, the Hospital filed its Answer and Motion to Dismiss in this Court. Other than the caption, there is nothing in the Answer and Motion to indicate that the action has been removed to federal court. There is no reference to removal, to joinder in the removal, or to the assertion of federal removal jurisdiction.

■ On November 12, 1996, the plaintiffs filed their motion to remand, alleging that the Hospital failed to join in or consent to the Notice of Removal within 30 days of being effectively served with process, as required by 28 U.S.C. § 1446(a).[1]

The statute governing what actions are removable states in part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

28 U.S.C. § 1441(a)(b). The statute governing the procedure for removal states:

(a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to

---

1. Although it is not an issue in this case, the Fifth Circuit Court of Appeals has determined that the

30 days begins to run from the day on which the first defendant was served. *See* footnote 3, *infra.*

be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)(b).

■ The right to remove is purely statutory. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985). Most cases emphasize that the procedural requirements for removal from state to federal court, although not jurisdictional, are to be strictly construed and enforced in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *McManus v. Glassman's Wynnefield, Inc.*, 710 F.Supp. 1043, 1045 (E.D.Pa.1989). There is nothing in the removal statute that suggests that a district court has "discretion" to overlook or excuse prescribed procedures. Defective removal procedure is a proper ground for remand. *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1215 (3d Cir.1991); *Employers Ins. of Wausau v. Certain Underwriters*, 787 F.Supp. 165, 166 (W.D.Wis.1992); *Shamrock Oil & Gas*, 313 U.S. at 108–09, 61 S.Ct. at 872; *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) (stating that "all doubts [about removal] should be resolved in favor of remand."), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991).

■ When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also, Fellhauer v. Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439

(E.D.Wis.1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981).

■ As a general rule, all defendants must join in a removal petition in order to effect removal.[2] *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir.1982); *Padden v. Gallaher*, 513 F.Supp. 770, 771 (E.D.Wis.1981); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va.1992); *Knickerbocker v. Chrysler Corporation*, 728 F.Supp. 460 (E.D.Mich.1990); *Fellhauer*, 673 F.Supp. at 1447; *Fields v. Reichenberg*, 643 F.Supp. 777, 778 (N.D.Ill.1986); *Darras v. Trans World Airlines, Inc.*, 617 F.Supp. 1068, 1069 (N.D.Ill.1985). *See also* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3731, at 504–07 (West 2d Ed.1985).

■ There is no express statutory requirement for joinder or consent by co-defendants; however, the case law firmly establishes this requirement, which is known as the "rule of unanimity." *See Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va.1993). Although it is not necessary that all defendants sign the notice of removal, each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served. 28 U.S.C. § 1446(b); *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262–63 (5th Cir. 1988).[3]

■ Although there is authority for the proposition that this communication to the

---

**2.** There are three well-recognized exceptions to the rule that all defendants must join in the removal petition: (1) Where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Moody v. Commercial Ins. Co.*, 753 F.Supp. 198, 200 (N.D.Tex.1990). None of the exceptions apply here.

**3.** There is a split among the authorities as to whether the thirty-day period runs from the date of service upon the first defendant to be served or the date upon which each individual defendant is served. *Compare Getty Oil*, 841 F.2d at 1262–63, *and McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992); *see also, Fellhauer*, 673 F.Supp. at 1447; *Creekmore*, 797 F.Supp. at 508.

court may be oral, *see Fellhauer,* 673 F.Supp. at 1447, the reference in the statute to "a notice of removal signed pursuant to Rule 11," 28 U.S.C. § 1446(a), suggests that a defendant's communication of his or her consent to removal must be in a writing signed by that defendant or by his or her attorney. *Creekmore,* 797 F.Supp. at 508; Fed.R.Civ.P. 11. The Fifth Circuit Court of Appeals has held that there must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal. *Getty Oil,* 841 F.2d at 1262 n. 11.

▉ While the issue most often arises in diversity cases, the requirement that defendants unanimously join in a removal petition extends to federal question cases as well. *Hess v. Great Atlantic & Pac. Tea Co., Inc.,* 520 F.Supp. 373, 375 (N.D.Ill.1981). This advances, among other things, the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand. *See Shamrock Oil,* 313 U.S. at 108, 61 S.Ct. at 872 ("Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation.").

Application of the unanimity rule to federal question cases eliminates the risk of inconsistent state and federal adjudications; prevents one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff; and advances, as a matter of comity, the legislative and judicial policy that state courts are as competent as federal courts to hear federal questions that Congress has not committed to exclusively federal jurisdiction. *Hess,* 520 F.Supp. at 375 (citing *Chicago, Rock Island & Pacific Railway Company v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Van Slambrouck v. Employers Mutual Liability Insurance Company,* 354 F.Supp. 366, 368 (E.D.Mich.1973); *Charles Dowd Box Company v. Courtney,* 368 U.S. 502, 507–08,

82 S.Ct. 519, 522–23, 7 L.Ed.2d 483 (1962); *Testa v. Katt,* 330 U.S. 386, 390–91, 67 S.Ct. 810, 812–13, 91 L.Ed. 967 (1947)).

▉ The thirty-day time limitation is not jurisdictional and may be waived. *Id.* at 1263. However, the time limitation is mandatory and must be strictly construed. *Moody,* 753 F.Supp. at 202; *Fellhauer,* 673 F.Supp. at 1447. Accordingly, if all the defendants do not join in or consent to the removal petition within the thirty-day period, "the district court shall remand the case...." 28 U.S.C. § 1447(c); *Fellhauer,* 673 F.Supp. at 1447; *see also McManus,* 710 F.Supp. at 1045 ("If all defendants do not join the removal petition within the thirty-day period, remand is the proper course.").

This case presents two issues for the Court's consideration: (1) whether the inclusion of the Hospital's name in the notice of removal filed by defendant Tillman's attorney constitutes joinder or consent by the Hospital; and (2) whether the filing of an answer and motion to dismiss by the Hospital constitutes joinder or consent.

▉ "Although all defendants need not sign the same notice of removal, each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed." *Jarvis v. FHP of Utah, Inc.,* 874 F.Supp. 1253, 1254 (D.Utah 1995). In *Production Stamping Corp. v. Maryland Casualty Co.,* 829 F.Supp. 1074 (E.D.Wis. 1993), the removal petition contained an assertion that it was filed with the consent and agreement of a co-defendant, but lacked a separate signature from the co-defendant or its counsel. The district court noted the majority view that "the mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder." *Production Stamping,* 829 F.Supp. at 1076.

Each defendant must communicate his consent to the court by way of "an official filing or voicing of consent." *See, Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461–62 (E.D.Mich.1990), and cases cited therein. Or, as the 5th Circuit stated in *Getty Oil,* "there must be some timely filed

written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp.*, 841 F.2d at 1262, n. 11. *Production Stamping*, 829 F.Supp. at 1076. In *Production Stamping*, as in the case at bar, there was no allegation in the notice of removal that the filing defendant or its attorney had been authorized by the co-defendant to speak on its behalf on the removal issue.

In granting the plaintiff's motion to remand, the court noted that requiring each defendant to formally and explicitly consent to removal is sound policy, and prevents one defendant from choosing a forum for all. *Production Stamping*, 829 F.Supp. at 1076, citing *Chrysler First Financial Services v. Greenfield*, 753 F.Supp. 939, 941 (S.D.Fla. 1991).

> "To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation." *Creekmore*, 797 F.Supp. at 509. One of the primary reasons that separate parties have separate counsel is so that each can independently present their position to the court. *Id.*, at n. 9. Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign....

*Id.* at 1077.

■ Furthermore, Rule 11, Fed.R.Civ.P., does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. *Creekmore*, 797 F.Supp. at 508. Neither defendant contends that Mr. Underwood represented the Hospital at the time the notice of removal was filed. Instead, the Hospital contends that Rule 11's requirement that every pleading be signed "by at least one attorney of record" permits Mr. Underwood to sign for the Hospital. However, the meaning of Rule 11 is clear: "one attorney of record" refers to each individual defendant and not to the defendants collectively.

■ As the Fifth Circuit found in *Getty Oil*,

> ... while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant. In the present case, nothing in the record, except [defendant] INA's unsupported statement in the original removal petition, indicates that [defendant] NL actually consented to removal when the original petition was filed. INA's removal petition alleged that NL had not been served and "therefore ... need not join the removal Petition," and that NL "do[es] not oppose and consent[s] to this Petition for Removal"; it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal. Accordingly, there was no adequate allegation or showing of NL's actual joinder in or consent to the original removal petition.

*Getty Oil*, 841 F.2d 1254, 1262 n. 11.

In *Miles v. Kilgore*, 928 F.Supp. 1071, 1077 (N.D.Ala.1996), the district court pointed out that footnote 11 in the *Getty Oil* opinion is probably *dicta*. Nevertheless, the view expressed by the Fifth Circuit is the majority view. *Id.*, citing *Creekmore*, 797 F.Supp. at 508; *Samuel*, 780 F.Supp. at 427–28; *Jarvis*, 874 F.Supp. at 1254–55; *Knickerbocker*, 728 F.Supp. at 461–62, and cases cited therein; *Production Stamping*, 829 F.Supp. at 1076–77; *Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 338 n. 3; *Kuhn v. Brunswick Corp.*, 871 F.Supp. 1444 (N.D.Ga.1994);

*Ogletree v. Barnes,* 851 F.Supp. 184, *reconsideration denied,* 1994 WL 193885 (E.D.Pa. 1994); *Martin Oil Co.,* 827 F.Supp. at 1237–38; *Anne Arundel County, Md. v. United Pacific Ins. Co.,* 905 F.Supp. 277, 278–79 (D.Md.1995); *Moody,* 753 F.Supp. at 199–200; *Godman v. Sears Roebuck and Co.,* 588 F.Supp. 121, 124 (E.D.Mich.1984); *Mason v. Int. Business Machines, Inc.,* 543 F.Supp. 444–46 (M.D.N.C.1982); *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994) (To "join" a motion is to support it in writing).

In *Creekmore,* the district court for the eastern district of Virginia held:

> Although all defendants must join in the removal, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather, section 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process. *E.g., Wilkins v. Correctional Medical Sys.,* No. 90–7155, 1991 WL 68791, at * 2 n. 2, 1991, U.S.App. LEXIS 8279, at *4 n. 2 (4th Cir.1991) ("Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consents to, a removal petition within 30 days of service.")

*Creekmore,* 797 F.Supp. at 508.

In the case at bar, the notice of removal does not constitute an independent and unambiguous joinder or consent by the Hospital. Having failed to communicate its joinder or consent to the Court during the 30–day period, the Hospital cannot now show the Court that it authorized Mr. Underwood to represent it. The recent case of *Baker v. Ford Motor Company,* 1997 WL 88260 (N.D.Miss.1997), speaks to this issue. In *Baker,* counsel for one defendant, Grumman Allied Industries, removed to federal court on grounds of diversity jurisdiction. The other defendant, Ford Motor Company, filed a joinder four days after the deadline. Grumman's notice of removal, however, contained the statement that Ford, through its counsel, was joining in the removal. In op-

posing a motion to remand, Ford's counsel filed an affidavit stating that "he authorized Grumman's counsel to include affiant's name in the Notice of Removal and to bind Ford Motor Company in the Notice of Removal.' " The affidavit further stated that the separate joinder was a " 'redundant formality ... to confirm the already-established fact that [Ford] joined in the Notice of Removal filed December 3, 1996.' " *Id.* at * 1.

In rejecting the defendants' argument, the court noted:

> The notice of removal does not state that Grumman was authorized to represent that Ford had consented to the removal, and no document was filed at the time of removal or within the prescribed 30–day period showing that the representation in the notice of removal was even authorized. *Getty Oil Corp., Div. of Texaco, Inc.,* 841 F.2d at 1262 n. 11 (removal petition "does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal"). The affidavit could be construed as " 'an official filing or voicing of consent,' " as required by the majority view but is untimely. *Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461 (E.D.Mich.1990) (citations omitted). Even if the representation were presumed to have been authorized at the time of removal, it is not the equivalent of written consent by Ford or its attorney, and oral consent expressed to Grumman's counsel falls short of the requirement that served defendants "officially indicate their unanimity in the removal of an action in a timely fashion." *Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 828 (S.D.Tex.1981) (emphasis added). In other words, each served defendant must timely express consent to the court, as opposed to the removing defendant.

*Id.* at * 1. The court found that the allegation in the notice of removal did not constitute the required joinder in or consent to removal and that the affidavit did not cure the defect since it was not filed within the 30–day period. *Id.*

Like the defendants in the case at bar, the defendants in *Baker* contended that Grum-

man's counsel served as lead counsel on the removal issue and filed Ford's joinder. The court pointed out that Ford and Grumman were represented by separate counsel, as evidenced by Ford's separate untimely joinder, and by the fact that the defendants filed separate responses, through their respective counsel, to the motion to remand. *Id.* at * 2, *citing Jones v. Scogin,* 929 F.Supp. 987, 988 (W.D.La.1996). Similarly, in the case before this Court, the Hospital is represented by separate counsel, and filed an Answer and Motion to Dismiss a mere nine days after the Notice of Removal.

■ In *Baker,* the court also noted that 28 U.S.C. § 1446(a) requires that a notice of removal must be "signed pursuant to Rule 11." Rule 11, in turn, requires that each pleading, written motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another." *Miles,* 928 F.Supp. at 1076. Thus, each defendant or its official representative is required to indicate its joinder in or consent to removal. *Baker,* 1997 WL 88260 at * 2.

■ The notice of removal in the case at bar is procedurally defective on the ground that the Hospital did not comply with the 30–day time limitation. This defect has not been waived by the plaintiff and cannot be cured now. Although a defendant is free to amend a notice of removal within the 30–day period set forth in 28 U.S.C. § 1446(b), once the 30–day period has expired, amendment is not available to cure a substantive defect in removal proceedings. *Moody,* 753 F.Supp. at 198. Although a plaintiff can waive a procedural defect in removal by failing to file a timely motion to remand, the plaintiffs in this case have filed a timely motion to remand and have not waived the defect.

■ The second issue presented by this case is whether the timely filing of an answer and motion to dismiss by the Hospital can itself constitute joinder or consent. As noted above, the answer and motion do not contain any expression of intent to join in or consent to removal, so that joinder or consent would have to be inferred.

In *McMahan v. Fontenot,* 212 F.Supp. 812, 817 (W.D.Ark.1963), the district court stated that "[i]t is doubtful whether the filing by the defendant Langston of his original [untimely] answer ... could be construed as an adoption by him of the petition for removal filed by his co-defendant. The court does not believe that such practice should be condoned or approved...." In *Peter Holding Co. v. Le Roy Foods, Inc.,* 107 F.Supp. 56, 57 (D.N.J.1952), the court stated that "[it cannot] be said that the fact that Dade Brothers, Inc., filed a protective answer and crossclaim in this court can be construed as a consent to joinder." In *Futurama Import Corporation v. Kaysons International of Miami, Inc.,* 304 F.Supp. 999, 1003 (D.P.R. 1969), the court found that one co-defendant did not properly consent to removal by filing a motion to dismiss in federal court. The court reasoned that the motion "[did] not in any manner indicate a positive assertion and willingness of joining the removal." *Id.*

■ Since each defendant must consent to removal "officially," "affirmatively" and "unambiguously," *Creekmore,* 797 F.Supp. at 508–09, it stands to reason that the mere filing of an answer or motion to dismiss does not constitute a sufficient expression of consent. As the court stated in *Production Stamping,* 829 F.Supp. at 1077:

> ... the filing of an answer, without more, is ambiguous. As an example, because the time for filing an answer (20 days) expires before the deadline for unanimous consent (30 days), the filing of an answer may be no more than a careful lawyer's decision to avoid the risk of default. Other inferences, therefore, are as reasonable as the inference that Northbrook's answer implies consent. Because competing, reasonable inferences exist, the mere filing of an answer is hardly a clear, unambiguous expression of consent.

This is in keeping with the principle that the right to remove is purely statutory, and that any ambiguities are to be strictly construed in favor of remand.

[T]he view that technical flaws in a removal petition "can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can—and should—be invoked." *Fellhauer,* 673 F.Supp. at 1449. These considerations are certainly more substantive than the simplistic notion that procedural flaws should be overlooked merely because they are procedural.

*Production Stamping,* 829 F.Supp. at 1077–78. In *Jarvis, supra,* defendant FHP did not join in or consent to the removal petition filed by its co-defendant, but filed a motion to dismiss within the 30–day time limit. The court concluded that the filing of the motion did not unambiguously manifest FHP's consent to join in the removal, thus FHP had not timely given its consent to removal. Further, the court found:

There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while insuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove. *Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F.Supp. 1236, 1238 (N.D.W.Va. 1993).

*Jarvis,* 874 F.Supp. at 1255.

Based on the foregoing, the Court concludes that the Hospital, Natchez Regional Medical Center, has failed to join in or consent to the Notice of Removal filed by counsel for defendant Tillman within the 30–day time limitation. Further, the Court finds that there was no independent and unambiguous notice of joinder or consent by the Hospital within said period. Therefore, the removal of this action to federal court is defective and the plaintiff's motion to remand is well-taken. Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' (John Spillers and Sonja Spillers) motion to remand (**docket entry no. 8**) is GRANTED. A separate Order of Remand, remanding this case to the Circuit Court of Adams County, Mississippi, shall follow.