**LOCAL UNION NO. 172, INT'L ASSOCIATION OF BRIDGE, STRUCTURAL ORNAMENTAL AND REINFORCING IRONWORKERS, Plaintiff,**

v.

**P.J. DICK INC., et al., Defendants.**

No. C2–02–1230.

United States District Court,
S.D. Ohio,
Eastern Division.

March 4, 2003.

Norton Victor Goodman, Benesch Friedlander Coplan & Aronoff–2, Columbus, OH, for Plaintiff.

Richard A. Frye, Chester Wilox & Saxbe–2, Roger Lee Sabo, Schottenstein, Zox & Dunn–2, Columbus, OH, for Defendants.

## OPINION AND ORDER

SARGUS, District Judge.

This case is before the Court to decide if the procedure followed by defendants when they removed the case from the Court of Common Pleas of Franklin County, Ohio, comported with the relevant removal statute, *see* 28 U.S.C. §§ 1441, 1446. For the following reasons, the Court concludes that the statute was not complied with and that this case should be remanded to the Court of Common Pleas.

## I.

Plaintiff, a labor union (which will be referred to as Local 172), filed this case in the Franklin County Court of Common Pleas seeking, among other things, an order that the defendants, P.J. Dick and the Associated General Contractors of America, Inc., Central Ohio Division (AGC), be compelled to arbitrate a labor dispute. According to the complaint, P.J. Dick, a construction contractor which is a signatory to a collective bargaining agreement entered into by Local 172 and AGC, began work on a project at the Ohio State University sometime in 2002. P.J. Dick subcontracted certain work on the curtain wall, windows, and window wall systems to Accurate Glass & Mirror Company. According to Local 172, the CBA forbade P.J. Dick from subcontracting any portion of the work to Accurate Glass because Accurate Glass does not provide its employees with the same benefits that are specified in the CBA between Local 172 and AGC.

Local 172 requested arbitration under the CBA, but, according to the complaint, defendants refused to arbitrate the matter. Consequently, Local 172 sought an order from the Common Pleas Court compelling the defendants to arbitrate this matter under the arbitration clause of the CBA. It also sought a declaratory judgment that both defendants violated the CBA by refusing to arbitrate the dispute and that P.J. Dick breached the CBA by subcontracting the work to Accurate Glass. Finally, it sought a damage award against P.J. Dick for breach of contract.

On December 12, 2002, less than 30 days after being served with the complaint, P.J. Dick filed a removal petition. The petition alleges that Local 172's claims are preempted by 29 U.S.C. § 185(a). The petition was signed only by counsel for P.J. Dick. It recited, however, that AGC "consents to the removal of this civil action . . . ." Removal petition (second unnumbered page). On December 13, 2002, the day after the removal petition was filed, AGC filed an answer in this Court. However, it did not, at any time within 30 days after service of the complaint, file any document signed by its own counsel stating that it consented to the removal of the case.

On January 7, 2003, Local 172 moved to remand the case to state court, arguing that the "unanimity requirement" found in 28 U.S.C. §§ 1441 & 1446, which requires that all defendants join in or consent to the removal of case, had not been satisfied. Both defendants oppose the motion. They claim that the representation in the petition as to AGC's consent, and its subsequent filing of an answer in federal court, constitute either literal or substantial compliance with the statute, and that any minor procedural defect should be over-

looked. They also assert that AGC is only a nominal party and that its consent to removal was unnecessary. For the following reasons, the Court rejects both arguments.

## II.

 28 U.S.C. § 1441(a), provides that "any civil action ... of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or defendants ....*" (emphasis supplied). It has consistently been held that this provision, and other provisions of the removal statute, require that all defendants who have been properly joined and served at the time the removal petition is filed must join in or consent to the removal of the case:

> It is well established that removal ... is improper where all defendants do not join in or consent to the removal petition. *Gableman v. Peoria, Decatur & EvansvilleRailway Co.*, 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Perpetual Building & Loan Association v. Series Directors of Equitable Building & Loan Association Series Number 52*, 217 F.2d 1 (4th Cir.1954), *cert. denied*, 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246 (1955); *Tri–Cities Newspapers v. Tri-Cities Printing Pressmen*, 427 F.2d 325, 326–27 (5th Cir.1970); *Adams v. Aero Services International, Inc.*, 657 F.Supp. 519 (E.D.Va.1987); *Heatherington v. Alied Van Lines, Inc.*, 194 F.Supp. 6, 7 (W.D.S.C.1961).

*Toyota of Florence, Inc. v. Lynch*, 713 F.Supp. 898, 905 (D.S.C.1989). Defendants do not dispute the existence of this "unanimity requirement," nor the related requirement, *see* 28 U.S.C. § 1446(b), that such unanimity be demonstrated within 30 days of the date that the removing defendant was served with process in the state court. However, their first argument is that they satisfied the requirement either by stating in the removal petition that AGC consented to the removal, or by AGC's voluntary act of filing an answer in federal court. In addition to presenting legal arguments in support of their position, defendants have also filed affidavits from two of AGC's attorneys in which the attorneys state that they gave AGC's oral consent to the removal on December 11, 2002, one day before the removal petition was filed.

There is at least some case law supporting defendants' position. In *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F.Supp. 560 (C.D.Cal.1988), the court was presented with a similar situation. There, as here, one of the defendants did not join in or consent to the removal at the time the petition was filed. It filed an answer in federal court within the relevant 30–day period, however, and filed a written consent to removal on the thirty-first day. The court first noted that the unanimity and time requirements were procedural and not jurisdictional, so that defendants' failure strictly to comply with the statute did not mandate remand or eliminate the court's discretion to consider all relevant factors in deciding the motion to remand. The court then held that the filing of the answer either "arguably satisfied" the thirty-day statutory requirement or was a factor that the court could consider in the exercise of its discretion. Finding that the failure to file the written consent to removal until the thirty-first day was the result of a "good faith error" and that the plaintiff was not prejudiced by the brief delay, the court chose not to remand the case, even though it recognized that one purpose of the statutory requirements was " 'to provide a uniform and definite time for a defendant to remove an action.' " *Id.* at 563, *quoting Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga.1985).

The great weight of the case law, however, is to the contrary. Local 172 has cited

a large number of cases that hold, for reasons more fully described below, that strict compliance with the statute is required; that a representation in a removal petition concerning a non-signing party's consent to removal is insufficient; that merely filing an answer in federal court is not an unambiguous manifestation of consent to removal; and that, in the absence of compliance with the statute, remand is either mandatory or appropriate. *See generally Spillers v. Tillman,* 959 F.Supp. 364, 370–71 (S.D.Miss.1997)(citing cases). This Court finds the reasoning of those cases persuasive on each point.

■ Any discussion of removal must begin with the following admonition:

As we have often noted, the removal statutes are to be narrowly construed. *See, e.g., Long [v. Bando Mfrg. of America,* 201 F.3d 754, 757 (6th Cir.2000) ] ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed."); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir.1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."), *cert. denied,* 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000).

*First Nat. Bank of Pulaski v. Curry,* 301 F.3d 456, 462 (6th Cir.2002). Further, when matters of removal procedure are at issue, it is important that the Court adhere to clear and intelligible rules. Otherwise, the Court and the parties will engage in needless and time-consuming collateral litigation of issues that ultimately do not advance a decision on the merits of the case.

■ The requirement that all defendants join in the removal petition is one of those areas where the rules should be clear and uniform. Granted, the require-

ment should not be applied in an overly formalistic manner. Thus,

[a]lthough all defendants must join in the removal under present law, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather, section 1446 requires that each defendant file a notice of removal, either independently or *by unambiguously joining in or consenting to another defendant's notice,* within the thirty-day period following service of process.

*Freeman v. Bechtel,* 936 F.Supp. 320, 325 (M.D.N.C.1996) (emphasis supplied). Allowing a defendant's ambiguous actions, such as filing an answer which makes no reference to the removal of the case, to satisfy the clear requirements of the statute, or to be considered a factor in the exercise of equitable discretion, simply encourages defendants not to take those simple steps needed to make their intention clear, and to create the desired level of certainty about whether a case was properly removed.

The same argument applies to defendants' assertion that the oral consent given by AGC to the removal of the case was effective. This argument has been uniformly rejected, and for good reason:

Rule 11, Fed.R.Civ.P., does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. [Citation omitted]. Neither defendant contends that Mr. Underwood represented the Hospital at the time the notice of removal was filed. Instead, the Hospital contends that Rule 11's requirement that every pleading be signed "by at least one attorney of record" permits Mr. Underwood to sign for the

Hospital. However, the meaning of Rule 11 is clear: "one attorney of record" refers to each individual defendant and not to the defendants collectively. *Spillers v. Tillman*, 959 F.Supp. 364, 370 (S.D.Miss.1997). This Court agrees with *Spillers* that it would create more unnecessary litigation if counsel for the removing defendant were simply permitted to state, on behalf of a party he or she has not been retained to represent, that the party consents to the filing of a removal petition. Although the Court has no reason to doubt the *bona fide* nature of that representation in this particular case, allowing such a practice would inevitably encourage both abuse by unscrupulous attorneys, and provide an opportunity for the defendant who did not initially join the removal petition to state, after the fact and perhaps beyond the required thirty-day period, that he or she had given oral consent in a timely fashion, even if that were not the case.

Adopting a rule of written joinder or consent that admits of few, if any, exceptions will not visit an undue hardship upon removing defendants. For example, in this case, it would have been an easy matter for AGC's counsel, when they were contacted about the removal, to authorize P.J. Dick's counsel to sign their names to the removal petition. Additionally, ample time remained in the 30–day period after the removal petition was filed for AGC to file a separate written consent. Although both defendants have asserted that they believed AGC to be a nominal party whose consent was not required, they had no assurance that the Court would agree. Given the ease with which the defendants could have prevented the joinder issue from arising, coupled with the need to construe removal procedures strictly and in favor of state court jurisdiction, the Court concludes that the statutory requirements were not satisfied here. Alternatively, the Court holds that, even if, as the *Magic Mountain* court concluded, there is some element of discretion to be exercised, it would not be a sound exercise of that discretion to disregard the defects in removal procedure that occurred in this case. Thus, if AGC is not a nominal party, its failure to join in the removal petition is fatal to P.J. Dick's effort to remove this case.

### III.

■ Defendants' alternative argument is that AGC is only a nominal party to this case. Even those courts which strictly construe the written joinder requirement hold that nominal parties need not join in the removal petition. However, the Court is persuaded that the complaint properly states a claim (or at least an arguable claim) against AGC, and nothing more is required to find that AGC is not a nominal party to this action.

Judge Holschuh of this Court had occasion to address the "nominal party" issue in *Rose v. Giamatti*, 721 F.Supp. 906 (S.D.Ohio 1989). There, A. Bartlett Giamatti, the Commissioner of Major League Baseball, removed a case filed by Peter Rose, an Ohio resident, on diversity grounds even though the Cincinnati Reds and Major League Baseball, both named as defendants in addition to Commissioner Giamatti, were deemed to be Ohio residents. Judge Hoslchuh held that the removal was proper because both of those entities were only "nominal parties" and that their citizenship could be disregarded for purposes of determining the Court's jurisdiction. Regarding "formal" or "nominal" parties, the Court noted:

A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined. [Citation omitted]. In contrast to a "real party in interest," a formal or nominal party is one who, in a genuine legal

sense, has no interest in the result of the suit.

*Rose v. Giamatti,* 721 F.Supp. at 914. *Rose* also pointed out the need to focus on the "principal purpose of the suit" in determining who were the real and who were the nominal parties, *see id.* at 913, and ultimately held that neither the Reds nor Major League Baseball were real parties in interest because neither had either the right or the duty to "prevent the Commissioner from conducting hearings concerning [Rose's] conduct," i.e. whether he bet on baseball games, which was the purpose of his lawsuit. *Rose,* 721 F.Supp. at 919.

Applying those precepts to the facts of this case, one of the principal purposes of Local 172's suit is to obtain an order compelling arbitration of the labor dispute arising from P.J. Dick's decision to subcontract certain work to Accurate Glass. The complaint recites that Local 172 and AGC are both parties to the applicable collective bargaining agreement and that Article XXXVIII of that agreement provides for arbitration of disputes. Local 172 further alleges that it demanded arbitration from both defendants and that both refused to submit the grievance to a Board of Arbitration. The agreement requires, among other things, that the parties to the agreement (Local 172 and AGC) make an effort to resolve disputes arising under the agreement between themselves, and if they cannot, each will appoint an arbitrator to serve on a three-member panel, with the third member to be selected from a list of neutrals. Local 172 asserts that it attempted to invoke the arbitration clause, but that AGC refused to appoint an arbitrator so that the arbitration could go forward.

Defendants argue that the purpose of this case is to redress the injury caused by P.J. Dick's alleged violation of the CBA when it subcontracted the work to Accurate Glass. Certainly, that is the thrust of the counts asserted separately against P.J. Dick. However, if Local 172 is correct when it claims that the dispute must be arbitrated, neither this Court nor the state would be able to decide the merits of that claim. Rather, the merits would have to be arbitrated, and Local 172 first seeks an order compelling both defendants to honor the arbitration clause so that the merits can be decided in the proper forum. AGC has not denied that it is a party to the CBA or that the CBA does impose certain obligations upon it with respect to the arbitration of disputes. Consequently, it is certainly conceivable that Local 172 could obtain an order that provided relief in its favor, and against AGC, on the arbitration claim. Since AGC may have an enforceable duty to arbitrate under the CBA, it is not merely a nominal party, but one which has a demonstrated interest in the outcome of the case. *See also Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940 (6th Cir.1994), which cites with approval *Bobby Jones Garden Apartments v. Suleski,* 391 F.2d 172 (5th Cir.1968) and *Tedder v. F.M.C. Corp.,* 590 F.2d 115 (5th Cir.1979), both of which hold that a party against whom even a colorable claim has been asserted has not been "fraudulently joined" for removal purposes and is therefore not a formal or nominal party whose presence may be disregarded when a motion to remand is under consideration. Consequently, AGC was required to have joined in or unambiguously consented to the removal of the case, and its failure to do so cannot be excused on grounds that it is only a "nominal" party.

## IV.

Based on the foregoing, the Court concludes that defendant AGC did not properly join in the removal petition within the time allowed by law and that it is not a nominal party to these proceedings. That being so, Local 172's motion to remand (file doc. # 6) is well-taken and is therefore

**GRANTED**. This case is **REMANDED** to the Court of Common Pleas of Franklin County, Ohio, pursuant to 28 U.S.C. § 1447(c). The Clerk shall mail a certified copy of this order of remand to the Clerk of the Franklin County Court of Common Pleas as required by § 1447(c).